DARNELL v. STATE NAT. BANK OF OKLAHOMA CITY et al.

No. 7361—Opinion Filed June 20, 1916.

(158 Pac. 921.)

1. Partnership—Liabilities to Third Persons —Action—Execution.

The undivided interest of a partner in the partnership assets is the proper subject of a sale upon an execution issued after judgment obtained for an individual debt, but such interest is subject to the application of the partnership assets to the partnership debts, and consists only of a partner's share of the balance or residue remaining after payment of such debts.

2. Same—Recovery of Purchase Money Paid.

One who purchases such partner's interest at a judicial sale lawfully and regularly conducted may not recover the amount of his bid, still in the hands of the sheriff, merely because it afterward developed that the assets of the firm are insufficient to pay the partnership debts.

(Syllabus by Burford, C.)

Error from District Court, Custer County; Frank Mathews, Assigned Judge.

Petition by G. C. Darnell against the State National Bank of Oklahoma City and others to have returned to plaintiff certain sums paid in at a sheriff's sale. Judgment for defendants, and plaintiff brings error. Affirmed.

Darnell & Darnell and Geo. T. Webster, for plaintiff in error.

Wilson, Tomerlin & Buckholts and Chas. T. Randolph, for defendants in error.

Opinion by BURFORD, C. This case arises out of a number of consolidated actions in which various conflicting rights were determined. There was exception to only one portion of the court's judgment, and the facts necessary to be considered in the determination of the propriety of this judgment are as follows: J. S. Huston and John M. Ketchersid were partners, doing business as the Arapaho Drug Company. The plaintiff in error, G. C. Darnell, as attorney for the State National Bank of Oklahoma City, brought a suit in the superior court of Custer county in which a judgment was rendered against J. S. Huston individually upon an individual debt, and execution was issued upon this judgment, and levied upon Huston's undivided one-half interest in the Arapaho Drug Company, a copartnership. The plaintiff in error, G. C. Darnell, as attorney for the C. E. Potts Drug Company, thereafter brought a suit for said drug company upon a partnership debt against the partnership, and levied attachment against the undivided one-half interest of John N. Ketchersid in the Arapaho Drug Company. While affairs were in this condition the sheriff sold under execution of the State National Bank the undivided one-half interest of Huston, which was bought in by Darnell for the sum of $600. Thereafter a receiver was appointed for the assets of the partnership, who took possession of all of the visible assets of the Arapaho Drug Company, and sold them to settle the partnership debts. The sale price was insufficient for that purpose. The money paid by Darnell for Huston's undivided one-half interest still being in the hands of the sheriff, he seeks in this action, into which all the parties were brought, to have the sheriff re-

turn to him the amount he has paid. This relief was denied by the trial court, and that action of the court is brought here for review.

We find no error in the action of the trial court. The sheriff did not attempt to sell one-half of the visible property of the Arapaho Drug Company at the suit of the State National Bank, but only levied upon and sold Huston's undivided one-half interest in the property of the partnership. This interest was necessarily subject to the payment of the debts of the partnership. If it turned out that the debts of the partnership were so large that the interest of Huston amounted to nothing, we still cannot offer relief at this time. The partnership creditors, and even the partners themselves, had a right to have the partnership assets applied to the payment of the partnership debts before they were devoted to the payment of the individual debts, and these rights must have been taken into consideration when the purchase of Huston's interests was consummated. As was said in Menagh v. Whitwell, 52 N. Y. 146, 11 Am. Rep. 683:

"The partner whose share was sold would manifestly have an interest in the protection and appropriation of that part of the property in discharge of his own liability to the firm creditors. I do not see how this right can be affected by the question whether the separate interest of all or only one of the partners is thus sold. Each of the purchasers would acquire an interest merely, and each partner whose interest was sold would have the right to indemnify against the firm debts by application to such debts of so much of the property as might be necessary for the purpose. These interests must have been taken into consideration in fixing the price of the interest sold, and consequently allowed to the purchaser, and the partnership assets are the primary fund for their payment."

In the case at bar there can be no question of failure of consideration; for this was a judicial sale, and the doctrine of caveat emptor applies. 10 R. C. L. 1316-1324; Roberts v. Hughes. 81 Ill. 130, 25 Am. Rep. 270; Waples v. United States. 110 U. S. 633, 4 Sup. Ct. 225, 28 L. Ed. 272; Hoffeld v. United States. 186 U. S. 274, 22 Sup. Ct. 927, 46 L. Ed. 1160. And see generally McLain Co. v. Swafford, 11 Okla. 429, 68 Pac. 502. It is to be noted that this is not a case where the purchaser did not get what he bought, but is rather one where the thing purchased afterwards developed to be of no value. In fact, we cannot say that the interest purchased was of no value at the time of the sale; as there was some testimony tending to show a value in excess of the debts. So

far as this record shows, some change in local conditions may have affected the value between the time of Darnell's purchase and the receiver's sale. The fact that Huston's interest sold for $600, and that at the receiver's sale the whole property brought $575, would seem to indicate something of this sort. Nor is there any element of concealment of any facts known to the officer, for the purchaser was the attorney who must have known the state of affairs, since he caused both the attachment and execution to be levied, and was attorney in the proceedings in which the receiver was appointed and the partnership assets sold.

Waples v. United States, supra, is closely in point. There Waples, as district attorney, had instituted a proceeding to condemn the property of one Conrad as an enemy of the government. At the sale concluding such proceedings he bought Conrad's interest in the property. It afterward developed that Conrad had previously sold the property, and this grantee recovered it of the purchaser at the marshal's sale. Waples, the purchaser, then sought recovery in the Court of Claims of the amount of his bid, but the Supreme Court of the United States, on appeal, denied relief upon the ground that at judicial sales the rule of caveat emptor applied, and that he got just what he purchased, to wit, Conrad's interest in the property.

The right to levy upon the individual interest in the partnership is sustained by the very citation quoted by plaintiff in his brief. See 30 Cyc. 599, and cases cited.

The adjudicated cases in New York are peculiarly applicable here; for the reason that New York is one of the few states in which, as in this state, by virtue of statute, the liability of partners is joint, rather than joint and several. The right to sell the interest of the partner in the partnership property has been frequently sustained in the courts of that state. See Menagh v. Whitwell, supra; Drexel v. Pease, 13 N. Y. Supp. 774; Mowbray v. Lawrence, 13 Abb. Proc. 317; Id. 22 How. Prac. (N. Y.) 107; Wadell v. Cook, 2 Hill (N. Y.) 47; Phillips v. Cook, 24 Wend. (N. Y.) 389; Atkins v. Saxton, 77 N. Y. 195; Sterrett v. Third National Bank, 10 N. Y. St. Rep. 818.

In the case at bar the manner of the levy and sale is not in question. It is unfortunate that the plaintiff in error got nothing for his purchase, but that was the chance which he took when he bought at the judicial sale. In our judgment, his money could only be returned to him in the event there was fraud in the sale, or that it was abso-

lutely void. None of these elements are presented in the instant case.

We find no error in the record, and the judgment should be affirmed.

By the Court: It is so ordered.