### SARTAIN v. COWHERD et al.

No. 13912—Opinion Filed Sept. 30, 1924.

**1. Partnership—Action Against Partner—Garnishment of Firm Debtor.**

In an action against one of the partners alone, a person indebted to a firm of which such debtor is a member is not liable as garnishee.

**2. Same—Partnership Accounting as Prerequisite.**

The indebtedness to a firm is not subject to garnishment in an action against one of the members of the firm until there has been an accounting of the partnership funds.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by R. L. Sartain against E. M. Cowherd et al. From the judgment dissolving garnishment, plaintiff appeals. Affirmed.

Wellington L. Merwine, for plaintiff in error.

G. E. Cassity, for defendant in error.

Opinion by JONES, C. This is an appeal prosecuted by appellant, plaintiff in the trial court, against appellees, defendants in the trial court, from the district court of Okmugee county, Okla. The record discloses that there was originally a suit in the district court of Okmulgee county, wherein the appellant, R. L. Sartain, recovered judgment against E. M. Cowherd for $540, with interest. This judgment was rendered on the 13th day of January, 1921, and on June 30, 1922, the appellant, Sartain, filed a garnishment affidavit in which he asked for a summons to be issued to the Chief Drilling Company, directing the said company to appear before the district judge on the 8th day of July, 1922, at 9 a. m., and to make answer as to whether or not they were indebted to appellee, E. M. Cowherd. And thereafter, on the 27th day of September, 1922, the defendant E. M. Cowherd presented his motion to dissolve and set aside the order theretofore made for the reason that the judgment obtained by R. L. Sartain against E. M. Cowherd was a judgment against Cowherd as an individual, and that the indebtedness of the Chief Drilling Company was in favor of Cowherd and Hartman, a copartnership, composed of E. M. Cowherd and A. H. Hartman, and that said copartnership was a going concern, and there had been no accounting or settlement of the partnership accounts prior to the filing of the affidavit. The garnishee had filed an answer admitting that it was indebted to the firm of Cowherd and Hartman. On trial of the case the court dissolved the garnishment, holding that the funds in the hands of the garnishee belonging to the firm of Cowherd and Hartman were not subject to garnishment for the purpose of satisfying the judgment against E. M. Cowherd, individually, from which order and judgment of the court dissolving the garnishment the plaintiff appeals to this court, and sets forth various assignments of error, but the only proposition urged in the brief is that of whether or not the indebtedness due the partnership was subject to garnishment for the payment of the judgment against the partner, E. M. Cowherd.

Appellant calls attention to the case of Darnell v. State National Bank, 59 Okla. 204, 148 Pac. 921, wherein this court held that the interest of a partner in a partnership drug store was a proper subject of a sale upon an execution issued after judgment obtained for an individual debt against one of the partners, however it further holds

that the sale is made subject to the payments of the debts of the partnership—

"If it turned out that the debts of the partnership were so large that the interest of Houston amounted to nothing, we still cannot offer relief at this time. The partnership creditors and even the partners themselves, had a right to have the partnership assets applied to the payment of the partnership debts before they were devoted to the payment of the individual debts."

Appellant cites the case of Hershfield v. Claflin, 25 Kan. 166, 57 Am. Rep. 237, rendered in 1881, which is in point, but it is against the weight of authority and has not been followed by the Kansas court.

The appellee cites the case of Trickett v. Moore et al. (Kan.) 10 Pac. 147, rendered in 1886, wherein the Supreme Court of Kansas announced the following rule:

"What is due a partnership cannot be subjected to garnishment as credit due one of the firm. In an action against one of the firm, a debtor to the partnership cannot be made a garnishee. Such debtor owes nothing to any one-member of the firm."

And in the body of the opinion the Kansas Court quotes from the Case of Winston v. Ewing, 1 Ala. 129, as follows:

"The attachment of a debt due to a copartnership, in an action against one of the partners, is justly distinguishable from the seizure, on attachment or execution, of tangible effects of the firm for the same purpose. Hence we find the Supreme Court of Alabama holding that partnership property may be sold to pay the debt of one partner, but that a debt due a firm cannot be taken by garnishment for that purpose. The reason assigned is that in the case of sale the property is not removed, and cannot be appropriated until all liens upon it growing out of or relating to the partnership are discharged; while in the other case, judgment against the garnishee, if acquiesced in, changes the right of property, and divests the copartner's title to the property attached, which cannot be done so long as the partnership accounts remain unsettled or its debts unpaid."

And many other authorities are cited in support of this rule, which seems to us to be the most correct rule that could be followed in cases of this character, and as we understand the rule, the partnership property may be sold to pay the debts of one partner, but a debt due a firm cannot be taken by garnishment for that purpose, and as said by the Alabama court:

"The reason assigned is that in the case of sale the property is not removed and cannot be appropriated until all liens upon it growing out of or relating to the partner-

ship are discharged, while in the other case, judgment against the garnishee. if acquiesced in, changes the right of property, and divests the copartnership's title to the property attached, which cannot be done so long as the partnership accounts remain unsettled or its debts unpaid."

In other words, if the tangible assets are sold under execution, the purchaser takes subject to all of the liabilities against the firm, while if the garnishment proceedings are upheld against the debts owing to the firm, the money would be paid to the judgment creditor and passes beyond the reach of the creditors of the firm, so we are inclined to the opinion that the rule announced by the Kansas and Alabama courts in the cases referred to is a correct rule, and should be followed by this court. The general authorities seem to hold this doctrine.

In R. C. L. p. 798, art. 27, the author states the rule as follows:

"Two distinct questions present themselves in respect to the rights of garnishing creditors as to partnership assets, to wit, first, the right of an individual creditor of one of the partners to garnish a debt due from the garnishee to the firm of which the principal debtor is a member, and secondly, the right of a creditor of the partnership to garnish a debt due from the garnishee to one of the partners individually. In regard to the first of these problems, by the weight of authority, in an action against one of the partners alone, a person indebted to a firm of which such debtor is a member is not liable as garnishee. The reason of this rule is that garnishment is essentially a legal proceeding, and not adapted for the ascertainment and settlement of equitable rights between the garnishee and defendant and that a court of law has no power to act on the debt, until by an adjustment of the partnership affairs, it shall appear whether the defendant has any and what interest in the general surplus, or the particular debt. Garnishment is proper, in such cases, after a settlement of the partnership accounts and the ascertainment of the debtor partner's interest, according to some courts. There are obvious objections to an attempt to reach the individual interest of a partner by garnishment in a court having no jurisdiction of the partnership or power to determine the interest of each partner. Notwithstanding that the current of authority is to the contrary there are cases to the effect that the separate creditor of an individual surviving partner may garnish a debt due the partnership, of which that individual was a member, before a settlement of the partnership, and ascertainment of the debtor partner's interest, and that, as a rule, separate creditors of a partnership may attach and sell joint property of the firm without regard to equities of the debtors, either separate or joint."

And in 28 Corpus Juris, p. 99, sec. 127, the author states:

"On principle, and according to the weight of authority, firm property cannot, prior to dissolution of the partnership, be reached by garnishment in an action against a member of the firm. This rule has been most frequently applied where the property sought to be reached consisted of a debt owing to the firm."

And while we find a conflict of authorities as to the correct rule, we think the great weight of authorities and the better reasoning upholds the rule refusing to permit garnishment of those indebted to a firm to secure payment of judgment against individual members of the firm.

The appellee also calls attention to the fact that no execution had issued on the original judgment wherein the appellant, Sartain, secured judgment against the appellee Cowherd, and cites the statutes, being section 354, Comp. Stat. 1921, which provides as follows:

"Either at the time of the issuing of the summons, or at any time thereafter, before final judgment, in any action to recover damages founded upon contract, express or implied, or upon judgment or decree, or at any time after the issuing, in case of an execution against property, and before the time when it is returnable, the plaintiff or some person in his behalf may file with the clerk an affidavit stating the amount of the plaintiff's claim against the defendants over and above all offsets, and stating that he verily believes that some person, naming him, is indebted to or has property, real or personal in his possession to the defendant. * * *"

It will be seen that the statute provides for the institution of garnishment proceedings after judgment is obtained at any time after the issuing, in case of an execution against property and before the time when it is returnable. We think that it is evident that the intention of the Legislature was that an execution should issue on the judgment and that an effort be made to collect the judgment out of the property or assets of the defendant before forcing a collection against the garnishee. It is clear from the affidavit in attachment and garnishment proceedings that it is only intended that such proceedings be resorted to when there are no available assets subject to execution, so we are inclined to the opinion that this garnishment proceedings was prematurely brought, and should have been dissolved on that ground if none other, but the court followed the correct rule in dissolving the garnishment on the ground that the debt owing to the firm was not subject to garnishment for the payment of a judgment against an

individual member of the partnership, and we therefore recommend that the case be affirmed.

By the Court: It is so ordered.