**FIRST NAT. BANK OF HASKELL v. SHIPLEY et al.**

No. 15333—Opinion Filed June 9, 1925.

Rehearing Denied Feb. 2, 1926.

**1. Partnership—Payment of Debts—Rights of Parties.**

One partner has a statutory right to have the partnership assets applied to the payment of the partnership debts, including the payment of a general balance due him by such firm.

**2. Same—Lien for Balance Due—Priority.**

In such case, a partner has a lien on partnership realty for such balance due from his copartner in the conduct of the partnership business, and such lien takes precedence over a prior mortgage of the other copartner's interest to a third person.

**3. Disposition of Cause.**

Held, the interest of such debtor copartner in the partnership realty was not converted by the partners into his separate property, and the lien of his copartner for

such balance was superior to that of his mortgagee.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Enloe V. Verner, Judge.

Action by First National Bank of Haskell against H. E. Shipley et al., to foreclose mortgage. From a judgment of priority of lien in favor of defendant F. P. Snider, on part of the land, plaintiff appeals. Affirmed, with directions.

Malcolm E. Rosser, for plaintiff in error.

Glenn Alcorn, for defendants in error.

Opinion by ESTES, C. The First National Bank of Haskell will be referred to as plaintiff and F. P. Snider as defendant. From a judgment that defendant held a lien upon a one-half interest in certain 40 acres superior to the mortgage lien of plaintiff, the latter appeals. Plaintiff's mortgage was executed February 13, 1920, by H. E. Shipley and wife covering an undivided one-half interest in such 40 and other lands. Defendant and Shipley became partners in the practice of the law in 1912, and later added the business of dealing in oil and gas lands. They acquired the 40 acres in controversy as partnership property, the legal title being taken and held by defendant at all times referred to herein. In September of 1919 the partnership was dissolved, at which time Shipley was indebted to defendant in a considerable sum of the partnership funds which he had overdrawn.

1. The rules of Martin v. Carlisle et al., 46 Okla. 268, 148 Pac. 833, are applicable. There the real estate was partnership property and held in the name of Girten, one of the partners, and Carlisle Commission Company, a partnership; Carlisle being the other partner. Girten conveyed an undivided one-half interest in the real estate to one Martin prior to the dissolution of the partnership, at which time Carlisle obtained a judgment against Girten for losses growing out of the business, same being decreed a lien upon the one-half interest of Girten in the property. Martin sought injunction against the sale under the judgment of Girten's interest in the property. This court upheld the trial court in finding that Martin was not an innocent purchaser from Girten, and held that one partner has a statutory right to have the partnership assets applied to the payment of the partnership debts, including the payment of the general balance due to him by the firm, and that such lien takes precedence over a conveyance of his copartners to a third person.

It is contended by plaintiff that defendant waived his lien on such undivided one-half interest, and that therefore plaintiff's mortgage was a superior lien thereon. Plaintiff does not contend that its rights accrued until the settlement between Shipley and defendant on June 3, 1920. If its mortgage was superior it is because of the transactions of that date, notice to plaintiff of defendant's rights not being involved. It is true, as contended by plaintiff, that partners may convert partnership property into separate property, either the individual or the joint property of the partners, and when they do so as between themselves it is not subject to any of the incidents of the partnership business. Green v. Whaley (Mo.) 197 S. W. 355. Defendant Snider testified:

"I made several engagements with Mr. Shipley to reach some agreement on the balance due me, and was about to leave Oklahoma in June, 1920, and Mr. Shipley, I think at my request, came in and we discussed the matter of that was due me, and he said that he wanted a deed. I told him I didn't have time to go into the matter fully, and told him what I (he) owed him (me), and he agreed to that. I thought in justice to our families that there should be some evidence of how matters stood between us, and he agreed with me. So, he executed a note to me in the sum of $3,026.-16 on June 3, 1920."

At the same time, defendant Snider signed and delivered to Shipley a memorandum in writing, reciting:

"It is understood by the undersigned that an individual one-half interest in and to (describing the forty acres) which is held in the name of F. P. Snider, is owned by H. E. Shipley. The other half being owned by said F. P. Snider."

It is argued that, by said transactions, such interest was converted into the separate property of Shipley and inured in equity to the benefit of plaintiff under its mortgage. If this had been done, then defendant had divested himself of his lien. At the time of such transactions, defendant was in haste to leave the state, intending to be gone four months, but returned in about 30 days. The note which he took from Shipley for the balance due him was due in about four months. Shipley testified that defendant agreed on June 3rd to execute to him a deed to such one-half interest upon defendant's return; that when defendant did return, Shipley demanded the deed and that defendant refused, stating that he had changed his mind. Defendant admitted that he told Shipley on June 3rd he would execute such deed on his return "assuming that everything would

be settled up". He further testified that at all times he intended to retain a lien on such interest for said balance. It inheres in the judgment that such one-half interest was not converted into the separate property of Shipley. We cannot say that the judgment is clearly against the weight of the evidence in this behalf.

The judgment, however, awarding defendant such superior lien permits defendant also to retain the other half of the partnership real property. Shipley was entitled to have the entire 40 acres sold and to receive one-half of the proceeds after payment to defendant of the amount due him, for, by statute, the interest of each partner extends to every portion of its property. Since the plaintiff bank, under its mortgage, stands in Shipley's shoes and all parties are before the court, the judgment should be modified accordingly. It may be that such one-half interest cannot be sold advantageously as compared with the entire 40 acres. If so, then Shipley and plaintiff would be prejudiced. Defendant should not, in equity, be given a superior lien on such one-half interest unless he offers to do equity by asking that the entire 40 acres be sold, his preference claim to be paid first, and the residue divided between him and Shipley, or grantee, the plaintiff, according to their very rights.

Let the cause be remanded with directions to take further proceedings and render judgment in accordance herewith.

By the Court: It is so ordered.