**FIRST NATIONAL BANK OF FT. SMITH, ARK., v. DUNKLIN et al.**

No. 19708. Opinion Filed Nov. 25, 1930.

T. T. Varner, for plaintiff in error.

White & White, for defendants in error.

RILEY, J. Defendants in error, owners of certain real and personal property used in the operation of a cotton gin at Keota, Haskell county, Okla., on June 1, 1925, entered into a contract with defendant, Harvey Price, whereby Price became interested as a partner in the operation of the ginnery, and with the right to have conveyed to him a one-fourth interest in the property upon completion of payments to be made from profits of the business. Acknowledgment of payment of $1,000 by Price to defendants in error was recited in the contract. So was the amount of $2,437.50 recited to be owing and to be paid out of the contemplated profits of the business. A'so it was provided that Price should superintend the business and receive a salary therefor of $600 per annum. On February 23, 1926, Price executed an instrument denominated "assignment of contract" to the First National Bank of Ft. Smith, Ark., plaintiff in error, for the purpose of securing personal indebtedness in the amount of $4,350 owed by Price to said bank. By the terms of the last-named instrument Price assigned to the bank, plaintiff in error, all of his right, title, interest, and claim, both present and future, under the foregoing contract, and attached the first-described contract to the assignment, and authorized the bank to collect and enforce payment of all amounts accrued or to accrue to him under the terms of said contract, and further provided that such assignment should become absolute upon the failure of said Price to pay said indebtedness at the maturity thereof, the same being 90 days after date. The defendants in error as-

sented to the assignment by indorsement thereon.

The ginnery was operated by Price after date of the original contract and until February 23, 1927, at which time Price absconded having withdrawn from the partnership, without consent of defendants in error, in money and property, the sum and value of $2,919.50 in excess of any interest he may have had therein.

On the date of February 23, 1926, the same being the date of the assignment heretofore mentioned, the profits from the operation of the ginnery to which Price was entitled were in excess of the amount due by him on his purchase price of his interest in the business, and under the terms of the contract he would have been entitled to a conveyance of said interest if the same had been requested, but for the withdrawals, unlawfully made. No conveyance of the interest in the business was ever made by defendants in error to Price except the contract first mentioned.

Shortly after Price left, defendants in error instituted this action to exclude both Price and the bank from any right, title, or interest in or to the gin property, real and personal. Price was served by publication notice, but did not appear at trial. The court made findings of fact in effect as heretofore set out and conclusions of law wherein it was held that plaintiff in error had only a lien upon such interest in the partnership as Price might have had; that Price having withdrawn from the partnership funds in excess of his interest, plaintiff in error was not entitled to relief upon its cross-petition. Judgment was rendered in favor of defendants in error, from which the appeal is perfected.

For reversal plaintiff in error relies a'one upon contended errors of law and asserts that the conclusions of law were contrary to the findings of fact.

The rights of the parties are to be determined solely upon the contract as made by them, and that contract was one for the assignment of Price's right, title, interest, and claim in, to, and under the original contract.

This instrument of assignment was not a conveyance of property as such, but simply placed the bank in Price's shoes and authorized it to make collections as Price might have made them.

Moreover, the assignment was to become absolute only upon default in the payment of the indebtedness of Price to the bank. That indebtedness was past due at the time of the institution of this action, but nothing had been done even then toward liquidating the debt or declaring upon the assignment. First Nat. Bank of Haskell v. Shipley, 116 Okla. 55, 243 P. 186.

The mere fact that defendants in error assented to the assignment of Price's interest to the bank, in our view, did not indicate any purpose or intention on their part to waive their right to subject the partnership property to the amount due under section 8109, C. O. S. 1921. That provision of the statute reads as follows:

"Each member of a partnership may require its property to be applied to the discharge of its debts, and has a lien upon the share of the other partners for this purpose and for the payment of the general balance, if any, due to him."

An intention to waive a lien will never be presumed in the absence of evidence tending to show such intention. Hall v. Black, 93 Okla. 148, 220 Pac. 50.

The indorsement upon the assignment does not of itself show intention on the part of defendants in error to waive their right. The courts will not change the terms of an unambiguous contract nor make a new contract for the parties. Romans v. Shannon, 80 Okla. 199, 195 Pac. 298; Delk v. City Nat. Bank, 85 Okla. 238, 205 Pac. 753.

Had Price granted a lien upon his interest in the partnership property with the knowledge and acquiescence of the other partners, we would be faced with another situation, but the fact is he assigned to the bank his interest under the original contract and authorized the bank to collect and enforce payments of such amounts as might accrue to him under the terms of his original contract.

The case of the Fourth Nat. Bank of the City of N. Y. v. New Orleans & C. Ry. Co., 11 Wall. 624, 20 L. Ed. 82, considered a similar situation. There it was said:

"It had repeatedly been determined, both in the British and American courts, that the property or effects of a partnership belong to the firm and not to the partners, each of whom is entitled only to a share of what may remain after payment of the partnership debts and after a settlement of the accounts between the partners; consequently, that no greater interest can be derived from a voluntary sale of his interest by one partner, or by a sale of it under execution. * * *

"It is true the words of the assignment were very broad. It purported to transfer

all the estate, right, title, and interest in the lease made by the New Orleans and Carrollton Railroad Company to Beauregard, to which the assignor might be entitled by virtue of the articles of copartnership, and also all his right and interest in any property and effects of the partnership * * * or any member thereof. But no matter what its language, it is clear no more could pass under it than the assignor; and if, as we have said, that was not a right to the specific articles of property belonging to the firm, the bank obtained no such right."

We conclude that the judgment of the trial court must be, and the same is, affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. CLARK, J., absent, nor participating.