## JOHNSON, State Bank Com'r, et al. v. HARRY et al.

No. 27496.   Jan. 25, 1938.

Rehearing Denied April 12, 1938.

A. Francis Porta and Roddie & Beckett, for plaintiffs in error.

McCollum & McCollum for defendants in error.

CORN, J.   The question presented by this appeal is as follows: Was the partnership arrangement between Mrs. A. M. Harry and Harry Brothers bona fide, and were the notes and mortgages given by A. M. Harry to his wife and by W. M. Harry to the Bullock girls bona fide, and did the relationship of debtor and creditor exist between the respective parties?

The Bank Commissioner having obtained a judgment against A. M. Harry, and Nora A. Hertzler having obtained a judgment against A. M. Harry and W. M. Harry, executions were issued on said judgments, respectively, and levies were made under said executions on the property of A. M. Harry and W. M. Harry, consisting of a stock of hardware and a stock of clothing located in the town of Ralston, and on lots 9, 10, and 11 in block 13 in the town of Ralston.

After these executions were issued and levy made thereunder, Mrs. A. M. Harry commenced a suit in cause No. 8833 against A. M. Harry and the Bank Commissioner for an undivided one-half interest in the hardware stock.   She also filed an action in cause No. 8834 against A. M. Harry and the Bank Commissioner to foreclose a real estate mortgage on an undivided one-half interest in the real estate described above.   Helen Bullock and Alice Bullock, daughters of Mrs. A. M. Harry by a former marriage, filed cause No. 8847 against W. M. Harry and Nora A. Hertzler to foreclose a real estate mortgage on the other half interest in said real estate.   By supplemental petition Nora A. Hertzler was made a defendant in the cases wherein Mrs. A. M. Harry was plaintiff.

To the first two numbered cases the Bank Commissioner filed his answer and cross-petition and Nora A. Hertzler filed her answer and cross-petition in all three cases.

The petition in cause No. 8833 alleged that in the year 1916 the plaintiff, Mrs. A. M. Harry, had purchased an undivided one-half interest in and to the Harry Hardware Company and that since that time said company had been a copartnership composed of herself and her said husband; that she had put into said business more than $3,000 over and above her share, which was an undivided one-half interest. and that the said A. M. Harry, being at the same time interested in the First Commerce Bank of Ralston, had put all of the surplus money of said partnership into said bank for the purpose of saving it from insolvency; that the said A. M. Harry was unable to carry on his part of the partnership business because of financial difficulties; that because of the contribution made by the said Mrs. A. M. Harry to the partnership, the same was indebted to her in a large sum of money; that said partnership was insolvent, the assets, consisting of the stock of goods and the above-described real estate, should be sold and the debts due Mrs. Harry paid from the proceeds of said sale.   Said petition further sets out the judgment obtained by the Bank Commissioner, but alleges that the lien of said judgment against the property of the said A. M. Harry is junior and inferior to the lien of Mrs. A. M. Harry by reason of the obligations owing by the partnership and by A. M. Harry to Mrs. A. M. Harry

prior to the rendition of the judgment. The supplemental petition filed in said cause making Nora A. Hertzler an additional party defendant sets out her judgment and alleges the same to be inferior to the lien of Mrs. A. M. Harry against the property of A. M. Harry and asks general relief against the Bank Commissioner and against Nora A. Hertzler, and that their judgment liens be declared inferior to the lien of Mrs. A. M. Harry, and further asks for the dissolution of the partnership, a sale of the assets thereof and payment of the debt of said partnership and A. M. Harry to Mrs. A. M. Harry.

The petition filed by Mrs. A. M. Harry in cause No. 8834 alleges the execution and delivery by A. M. Harry to her of a promissory note in the sum of $5,000 and mortgage securing the same on an undivided one-half interest in the real estate above described. She also alleges that the judgments of the Bank Commissioner and Nora A. Hertzler are inferior to her mortgage lien, and prays for judgment upon the note and foreclosure of the mortgage.

The petition of Helen Bullock and Alice Bullock in cause No. 8847 alleges that W. M. Harry executed and delivered to them two promissory notes each in the principal sum of $1,000 and a mortgage on an undivided one-half of said described real estate securing the same; that the notes are past due and unpaid and that the Hertzler judgment is inferior to the lien of said mortgage, and prays judgment on the notes and foreclosure of the mortgage.

The notes in both cases above mentioned were dated February 12, 1930, and the mortgage securing the notes given by W. M. Harry to Helen Bullock and Alice Bullock was executed the same date, while the mortgage securing the note given by A. M. Harry to Mrs. A. M. Harry was dated June 17, 1930. Although these notes and mortgages were dated prior to the rendition of the judgments of the Bank Commissioner and Nora A. Hertzler, the mortgages were not recorded until after the rendition of said judgments, respectively.

To the petitions filed in said causes the Bank Commissioner and Nora A. Hertzler filed their separate answers in which they generally deny the allegations contained in said petitions and allege specifically that no partnership existed between Mrs. A. M. Harry and her husband, A. M. Harry; that no agreement was ever had between A. M. Harry and his wife whereby he was ever to pay her for any funds advanced by her

to the partnership or to the First Commerce Bank of Ralston; that the real estate mortgages and the notes secured thereby were without any consideration, and that all said notes and mortgages and the alleged partnership arrangements were now being used for the sole and only purpose of delaying and hindering said judgment creditors in the collection of their judgments against A. M. Harry and W. M. Harry.

After the issues were joined in the various causes, the court made and entered an order appointing a receiver for all the property involved, and consolidating all the cases under No. 8555, wherein Nora A. Hertzler is plaintiff and V. M. Harry, A. M. Harry, and W. M. Harry are defendants, and directed that they be tried under said consolidated number. Said causes were tried to the court and judgment was rendered for the plaintiffs in each of their separate cases under the consolidated cause, from which said judgment and the judgment of the court overruling motions for new trial, the Bank Commissioner and Nora A. Hertzler appealed.

The appeal as to the Bank Commissioner has been dismissed, for the reason that the judgment asserted by the Bank Commissioner has been sold and assigned by the Bank Commissioner and has been satisfied of record. The dismissal as to the Bank Commissioner does not affect the appeal as to Nora A. Hertzler.

The trial court found specifically that the said Mrs. A. M. Harry entered into the partnership as alleged with her said husband in the year 1916, and that they continued to be partners ever since, and that during the existence of said partnership she contributed to said partnership the sum of $3,750 more than her share and that the partnership is indebted to her in said amount, and that she has a first and special equitable lien on the partnership assets levied upon by the judgment creditor. The findings of the court are amply sustained by the evidence, and the conclusion of law that said sum constitutes a lien against the assets of the partnership is supported by the authorities cited by the defendants in error. First Nat. Bank of Haskell v. Shipley, 116 Okla. 55, 243 P. 186; First Nat. Bank of Ft. Smith, Ark., v. Dunklin, 146 Okla. 81, 293 P. 541; Martin v. Carlisle, 46 Okla. 268, 148 P. 833; Darnell v. State Nat. Bank of Oklahoma City, 59 Okla. 204, 158 P. 921; Sartain v. Cowherd, 103 Okla. 72, 229 P. 408.

The trial court also found that the $5,000

loaned by Mrs. A. M. Harry to her said husband was from her separate estate inherited from her former husband, E. A. Bullock, and that the loan of $2,000 by the Bullock girls to W. M. Harry was from their estate inherited from their father, E. A. Bullock, and such findings of fact are amply sustained by the evidence. It appears from the evidence that these loans were made in good faith, and that the money was borrowed by A. M. Harry and W. M. Harry to use in paying stockholders' assessments to the First Commerce Bank of Ralston, and there is no evidence in the record nor any circumstances shown from which it may be inferred that Mrs. A. M. Harry and her daughters intended to give these funds to the Harry family. Without such evidence, the law presumes against intent to make a gift. Farmers' State Bank of Ada v. Keen, 66 Okla. 62, 167 P. 207; Bailey v. Brown, 166 Okla. 5, 25 P. (2d) 1088.

In cases of purely equitable cognizance, this court will review the evidence, and, unless the judgment of the trial court is against the clear weight of the evidence, will affirm the same.

The judgment of the trial court as rendered in each and all of the consolidated cases herein is affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, and DAVISON, JJ., concur.