Robert L. HADWIGER, Executor of the Last
Will and Testament of Annie Yuille,
Deceased, Plaintiff in Error,

v.

Francis A. MELKUS, Defendant in Error.

No. 39147.

Supreme Court of Oklahoma.

Sept. 26, 1961.

Rehearing Denied Oct. 24, 1961.

Joe R. Botleman, Pueblo, Colo., Hadwiger & Hadwiger, Alva, for plaintiff in error.

Dryden & Jensen, Kearney, Neb., F. M. Houts, Alva, for defendant in error.

HALLEY, Justice.

Annie Yuille was an older sister of Francis A. Melkus. On January 11, 1946, a joint bank account was opened in the Central National Bank of Alva in their names. A signature card was executed on that day which bore the signatures of both Annie Yuille and Francis A. Melkus. Attached to the signature card was a joint account agreement which was as follows:

"

> "Joint Account—Payable To Either Or Survivor
>
> "We agree and declare that all funds now or hereafter, deposited in this account are, and shall be, our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.
>
> "It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, legatees, assigns and personal representatives.
>
> " /s/ Annie Yuille
> /s/ Francis A. Melkus

"

Annie Yuille died on May 5, 1956, and on that date there was on deposit in the joint bank account the sum of $4,000.00. This money was claimed by Francis A. Melkus as his by virtue of the joint bank account agreement and Robert L. Hadwiger claimed the money as the executor of Annie Yuille's estate.

The bank disclaimed any interest in the money and asked the court to determine the actual owner to whom the money should be paid.

Francis A. Melkus will be referred to as plaintiff and Robert L. Hadwiger, the executor, as defendant.

The plaintiff offered two witnesses, the president of the bank involved and himself. The defendant offered only himself. At the close of the evidence judgment was rendered for the plaintiff for the $4,000.00.

It was not successfully contradicted that the plaintiff and his deceased sister signed the signature card and the joint account agreement. All deposits made to the account and all withdrawals were made by the deceased sister during her lifetime and none was made by the plaintiff.

The defendant set up five specifications of error. He saw fit only to brief one of these and that was the fifth. However, we have checked the first four and we cannot see any error in the court's rulings as charged in these specifications. There was no violation of the "Dead Man's Statute" (12 O.S. 1951 § 384). There was nothing to show that the defendant did not have full opportunity to present proper pleadings or evidence. Under the facts in this case, a claim did not have to be presented to the executor.

The defendant did argue the fifth specification that the plaintiff failed to sustain the burden of showing that the "Printed Form" of joint deposit agreement was executed by Annie Yuille for the purpose of transferring title to the bank account to him at her death.

The defendant offered no evidence that the plaintiff was holding the rights under the joint account in trust for other persons. There was no evidence of fraud or over-reaching or that the plaintiff in any way coerced his sister twelve to fourteen years his senior to execute the joint agreement.

The defendant relies heavily upon the case of Solon v. Lichtenstein, 39 Cal.2d 75, 244 P.2d 907. There as here was a joint bank account but there it was plead that an aunt was holding the money in the joint bank account with her father in trust for the granddaughter. No such pleading or evidence is in this case.

The three Oklahoma cases cited by defendant which are Flesher v. Flesher, Okl., 258 P.2d 899; Johnson et al. v. Harry, 182 Okl. 440, 78 P.2d 301; Jonte v. English, 171 Okl. 291, 40 P.2d 646, are so different on the facts from the case at bar that they are of no value to the defendant. In the Flesher case it was clear that the donor placed the funds in the hands of the donee as a trustee. In the Jonte case the evidence showed that the money was deposited to the credit of C. W. English with the right in him and his brother, E. L. English, to withdraw it. No joint account agreement was entered into. Johnson v. Harry did not involve a bank deposit and had to do with a loan by wife to her husband and a loan by stepdaughters to their stepfather.

The defendant presents authorities from other jurisdictions that indicate that a burden rests on the survivor of a joint bank account to prove a gift. We have taken a different view. In Barton et al. v. Hooker, Okl., 283 P.2d 514, we held that where a donor and a donee enter into a written agreement containing words expressing a clear and unequivocal intent on the part of the donor to make the donee a joint owner of the bank account with the right of survivorship upon the donee's death the donee is entitled to the deposit. We think it is clear under the joint account agreement signed by both the sister and brother that the joint deposit belongs to the surviving brother.

The judgment of the trial court is affirmed.