Roy C. HENDERSON, Plaintiff in Error,

v.

Earl Eugene KRUMSIEK, Defendant in Error.

No. 42429.

Court of Appeals of Oklahoma.

Division No. 81.

Dec. 2, 1969.

Rena C. Hanton, Thomas D. Kuhn, Tulsa, for plaintiff in error.

Erwin D. Phillips, Sand Springs, for defendant in error.

DAVISON, Presiding Judge.

This appeal is presented by Roy C. Henderson, plaintiff in error, as plaintiff in the trial court, against Earl Eugene Krumsiek, defendant in error, as defendant below. The parties will hereinafter be designated as they appeared in the trial court.

The question involved pertains to the estate of Jewell Schlappi Henderson who died on July 22, 1965, and who will hereinafter be referred to as the deceased.

The question involved is whether or not deceased, who was the sole owner of a bank deposit in the Peoples State Bank, Tulsa, Oklahoma, when changing the deposit to the joint account of herself and defendant, intentionally created essential elements of joint ownership and survivorship. The trial court held that the balance of the deposit was owned by defendant upon the death of deceased.

For a determination as to the correctness of the judgment of the trial court certain essential facts should be considered.

The deceased was the wife of plaintiff at the time of her death. The defendant was the nephew of deceased and was designated by deceased as Executor of her estate in her last will and testament. The plaintiff was the second husband of the deceased, her first husband having pre-deceased her leaving deceased in comfortable financial circumstances. Deceased left no children by either husband.

On February 16, 1965, the plaintiff was living in Peru, Indiana, and the deceased was ill and staying in her former home owned by her in Tulsa, Oklahoma. The record discloses some evidence that plaintiff and defendant were separated and that divorce proceedings had been filed in Indiana. However, the plaintiff did not appear as a witness and the record is not clear as to such estrangement.

On February 16, 1965, the deceased had a bank account of slightly less than $2000.00 in the Peoples State Bank of Tulsa. On said date the deceased converted the account into a joint account between herself and defendant and deposited same in the above mentioned bank. This joint account, with right of survivorship, is as follows:

### "JOINT ACCOUNT PAYABLE TO EITHER OR SURVIVOR

"We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be, our joint property, and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives."

"/s/ Z. J. Henderson
"/s/ Earl E. Krumsiek"

Thereafter, to wit, on the 3rd day of July, 1965, the deceased executed a will, which was duly admitted to probate in the County Court of Tulsa County, Oklahoma, the pertinent parts being as follows:

"I desire my interment be made beside that of my former husband, Dick Schlappi, in Garden of Times Eternal Cemetery, Flora Hills, Inc., Kansas City, Missouri,

where we have Plot #382, in Section 31; that a suitable marker be placed at my grave in conformity with that at the grave of Dick Schlappi.

### "THIRD"

"I give and bequeath to my beloved sisterinlaw, Marie Krumsiek, my Mink Stole and Fox Collar.

### "FOURTH"

"I give, devise and bequeath all of my real and personal property, contents located in my residence at 7423 East Third Street, Tulsa, Oklahoma, the 1951 Buick Automobile, all household, kitchen furniture and personal effects of every kind and nature, wheresoever situate and whether vested or contingent at the time of my death, that I now have or accumulated prior to this marriage, to my beloved husband, Roy C. Henderson,

"My possessions consisting of:

"/s/ Zelma Jewell Schlappi Henderson

"(a) Lots 908 and 909 in Unit 1, (2 lots) in Arizona City, Arizona, in the name of Zelma Jewell Henderson, and

"(b) Lots 1, 2, 3 and 4, Blk 3 Lay's Valley View Addition in Warsaw, Missouri, in the name of Zelma Jewell Schlappi Henderson, and

"(c) Homestead at 7423 East Third Street, Tulsa, Oklahoma, and

"(d) Peoples State Bank, Tulsa, Oklahoma, Accounting in the name of Z. J. Henderson and Earl Eugene Krumsiek."

Plaintiff contends that there is no evidence showing any intention of deceased to create a joint account, with right of survivorship at the time the joint account was executed, and that plaintiff, by reason of paragraph (d) in the will, was entitled to the money remaining in the joint account ($1,364.20) upon the death of the deceased.

Defendant contends that the written agreement creating the joint account contained all of the necessary elements to support the validity of the joint account with survivorship and that such was the intention of the deceased at the time such joint account agreement was entered into.

Neither of the two witnesses offered by plaintiff had any knowledge of the intentions of deceased leading to execution of the joint account in that each witness testified that said account was never discussed with them.

In addition to the written agreement creating the joint account the defendant offered testimony of witnesses to show the expressed intent of the deceased to create the joint tenancy at the time same was executed.

The defendant testified that he had helped deceased on many occasions, both before and after the execution of the joint account agreement; he testified that he saw her every day and went to her home every day to get her mail and delivered same to her at the hospital. Defendant testified about the statement made to him by deceased just before the execution of the agreement in which deceased stated to him,

"I have utility bills and a house payment to pay and I have the cards, I have had the Peoples State Bank to mail me some cards to start a bank account, you and I,"

and she said,

"Gene, you have never charged me for anything that you have ever done to help me you have never let me pay, and I am going to take care of you with a bank account, I am putting this in a survivorship and what is left after you pay my utility bills and my house payments,"

Defendant testified also that deceased told him—

"She said, 'It doesn't make any difference what people thinks, I am in trouble, I need help and you are the only one I have to turn to and you know it.'

\* \* \* \* \* \*

" 'Well, now, this is a survivorship and you will have no questions or no problems; you will automatically get the money from the bank and you won't have

any worry about it, I want you to have the money.' "

and also

" 'The day of my death you go, and draw the money out of the bank, it is yours, I want you to have it.' "

The statements quoted above were made in the presence of defendant's wife who testified that said statements were made.

Frank Krumsiek, the brother of deceased, testified on behalf of defendant that deceased came to his home in Wichita, Kansas, several months before her death; that deceased was ill at the time; that he saw deceased every week after her illness; that deceased desired witness to look after her and her business but since he lived in Wichita and she had moved back to Tulsa he suggested that she have defendant look after her since defendant was a resident of Tulsa. That a short time thereafter witness had another conversation with deceased in which she stated, "Well, I have taken your advice;" she said, "I got Earl Gene (defendant) to take care of my bills, this that and the other for me," and she said, "I want to tell you something else," she says, "whatever is left in the bank at my death, I want Earl to have it."

The trial court was of the opinion by reason of Paragraph B, Sub-Paragraph D, of the will, deceased evidently intended the money in the joint account to go to the plaintiff, but the trial court found and held that at the time the joint account was created, it met all requirements and that it was the intent of the parties that a joint account with the right of survivorship was created. The trial court further held that the will did not destroy or suspend the previously contractual obligation created in the joint tenancy.

We have held that a person who owns money which creates a bank account may by gift vest in another, named as co-depositor, joint interest and right of survivorship while retaining similar interest and right in said account. Urban v. Jackson, Okl., 434 P.2d 889; Hadwiger v. Melkus, Okl., 365 P.2d 726.

We have also held that where donor and donee enter into a written agreement containing words expressing a clear and unequivocal intent on the part of the donor to make the donee a joint owner of a bank account with the right of survivorship, upon the donor's death the donee is entitled to the account. Urban v. Jackson, supra; Hadwiger v. Melkus, supra.

The plaintiff offered no evidence that the defendant was holding the rights under the joint account in trust for other persons, nor any evidence of fraud, overreaching or coercion on the part of defendant.

The judgment of the trial court holding that defendant was the owner of the joint account before the time the will was executed and that the will did not invalidate or supersede the joint account written agreement was not against the clear weight of the evidence, and we so hold.

Judgment affirmed.

MARMADUKE and WILLIAMS, JJ., concur.