## JOHN PHILLIPS v. C. H. THORP.

(Filed June 8, 1903.)

1. PARTNERSHIP—Sale by One Partner of All the Partnership Property. A sale by one partner of all the partnership property, unless it consists entirely of merchandise, without the consent of the members of the partnership, is prohibited by the statutes of Oklahoma, unless the business has been wholly given up to him, or his co-partners are incapable of acting.

2. SAME—Unauthorized Sale, Effect of. An unauthorized sale by one partner of all the partnership property, conveys to the purchaser only the interest of the partner selling, where the purchaser had knowledge of the partnership interest, or of facts sufficient to put an ordinarily prudent man upon inquiry. The co-partners in such case have a right to sue for and recover from such purchaser the value of their interest in the partnership property wrongfully converted to the use of such purchaser through such unauthorized sale.

(Syllabus by the Court.)

*Error from the District Court of Logan Couty; before John
H. Burford, Trial Judge.*

*H. R. Thurston,* for plaintiff in error.

*John Devereux* and *F. H. McGuire,* for defendant in
error.

Opinion of the court by

GILLETTE, J.:   This is an action brought originally in the probate court of Logan county, to recover from the plaintiff in error the value of a half interest in certain personal property owned and used by himself and one Robert L. Thompson, as partners, in conducting a marble yard and works in the city of Guthrie, which property was sold by said Thompson without the knowledge of defendant in error, Thorp, during his (Thorp's) absence from the city of Guthrie, in the solicitation of business for the firm.

The sale by Thompson to Phillips, plaintiff in error, included all of the partnership property, including building, tools and stock, and finally disposed of the partnership business.

Trial was had in the probate court, resulting in a judgment in favor of defendant in error, Thorp, for $26.50 and costs.   Upon appeal to the district court a retrial of the case resulted in a judgment in favor of defendant in error in the sum of $25.00.   From this judgment the case is now brought to this court by petition in error.

It is urged on behalf of the plaintiff in error that the action against him cannot be maintained by the defendant in error to recover the value of a half interest in the partnership property; that it was necessary to the maintenance of such action that the members of such partnership should be joined as parties plaintiff.

We do not agree with this contention.   The sale which was made by Thompson to Philips of all of the partnership property, under the provisions of our statute, necessarily dis-

solved the partnership, and the defendant in error discovering the fact brough suit to recover the value of his interest in the property conveyed.

The issues in the case were joined by a general denial, and by a special denial that defendant in error had any interest whatever in the property, and a denial of the conversion of the same by the plaintiff in error.

The question of what interest the defendant in error had in the property was submitted to the jury by the court, under proper instructions. And they were further instructed as follows:

"If you should find from the evidence in this case that Mr. Thorp did have an interest in the property at the time that Mr. Phillips purchased it, and you further find that Thorp had made representations to the defendant Phillips that he had no interest in it, or he had by his actions and conduct held himself out to the public as having no interest in it, and that the party in possession was the actual owner of the property, and Mr. Phillips, knowing these facts had relied upon them and purchased the property in good faith, and paid a valuable consideration for it, having no knowledge that Thorp had any interest, and having knowledge of no facts which, if he had followed them up with proper inquiries would have enabled him to have ascertained the fact that Thorp had an interest in the property, then the plaintiff Thorp would be estopped from claiming any interest in the property as against Phillips, as an innocent purchaser for value without notice."

These instructions submitted to the jury every question necessary to be considered by the jury in determining the liability or non-liability of the plaintiff in error, which having been determined and found to be $25.00, judgment was

properly entered in favor of defendant in error, and against plaintiff in error therefor.

Under the statute of this territory, sec. 4, art. 3, chap. 58:

"A partner, as such, has not authority to do any of the following acts, unless his co-partners have wholly abandoned the business to him or are incapable of acting.

"Third.    To dispose of the whole of the partnership property at once, unless it consists entirely of merchandise.

"Fourth.    To do any act which would make it impossible to carry on the ordinary business of the partnership."

The sale of this partnership property by Thompson to Phillips was prohibited by each of the above quoted subdivisions of sec. 4, if in fact there was a partnership as stated in the petition, and such sale was not authorized by the defendant in error.

The plaintiff in error by a purchase thereof from Thompson with knowledge of such partnership, or of facts sufficient to put an ordinarily prudent man on inquiry with reference to such partnership property, acquired no title to the interest of Thorp therein.

Under the instructions all these questions were properly submitted to the consideration of the jury, and the jury having found in favor of the defendant in error, the conclusion reached is final and conclusive of the rights of the parties.

Finding no error in the record, the judgment of the court below is affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.