TABER-PRANG ART COMPANY *vs.* WILLIAM B. DURANT, assignee.

Suffolk.   March 30, 1905. — September 11, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, & BRALEY, JJ.

*Partnership.*

If land and the buildings thereon belong to two tenants in common, who are the only members of a firm and use the premises for carrying on the business of manufacturing soap and candles there under the firm name, and if the firm pays no rent as such but pays the taxes, insurance and repairs and the expense of small additions to the buildings, this does not show necessarily an intention on the part of the owners to treat the land and buildings apart from the trade fixtures as partnership property.  Nor does the fact that the firm has paid the expense of making over certain buildings on the land into dwelling houses which are occupied principally by operatives of the firm, the firm receiving the rents, necessarily show that the dwelling houses are partnership property.

MORTON, J.   This is a bill in equity seeking to have the proceeds of certain lands and buildings held by the defendant

Durant as common law assignee of C. L. Jones and Company and of Frank H. Jones and Henry E. Jones, composing the firm of C. L. Jones and Company distributed amongst the creditors of the partnership. The case was heard upon agreed facts, in addition to facts alleged in the bill and admitted in the answer, with power to the court to draw inferences. There was a decree adjudging that $1,010, the proceeds of a brick storehouse and of a candle factory, were partnership property, and that all the rest of the real estate was the property of Frank H. Jones and Henry E. Jones as individuals, and directing that the proceeds thereof should be paid over to their individual creditors. The plaintiff appealed. We think that the decree should be affirmed.

The land and buildings formerly belonged to Charles L. Jones and Henry E. Jones as tenants in common, and they carried on on the premises the business of manufacturing soap, candles, etc., under the style of C. L. Jones and Company. There is nothing to show that the land and buildings were firm property or were so regarded. Charles L. Jones died in March, 1879, and devised his half of the land and buildings to Frank H. Jones with one half of the fixtures, machinery and apparatus used in the business, and thereafter Henry E. Jones and the said Frank H. Jones carried on the business on the premises as equal partners under the same style as that under which it had been carried on formerly. There is nothing to show that there was any conveyance of the land and buildings by them to themselves as a firm or that it was agreed or understood that the land and buildings should be regarded as partnership property, and they were not so entered on the books. It is plain that the use of them for partnership purposes did not of itself convert them into partnership assets, or conclusively show an intention to treat them as such. *Grubb's appeal*, 66 Penn. St. 117. *Robinson Bank* v. *Miller*, 153 Ill. 244. *Frink* v. *Branch*, 16 Conn. 260. *Ware* v. *Owens*, 42 Ala. 212. Lind. Part. (2d Am. ed.) 331. Bates, Part. §§ 286, 287.

No rent was paid, and the taxes, insurance and repairs that were paid by the firm with the new floors that were put in and the small additions that were made to the buildings well might be regarded as an offset to the use of the premises. The fixtures, including machinery, hangers, belts, pulleys, boilers and

kettles that were put in and paid for out of the partnership funds constituted partnership property. And they have been removed and sold by the assignee and the proceeds distributed amongst the partnership creditors. The brick storehouse was built by the partnership apparently for the partnership business and was paid for out of the partnership funds. It was properly found to be partnership property. The candle factory was re-built out of the proceeds of an insurance policy taken out so far as appears by the partnership in its name and the premiums on which were paid by it. We think, though more doubtfully, that this also might be properly regarded as partnership prop-erty. No appeal, however, has been taken by the assignee, and the question whether the decree is right in this respect is not before us. As we understand the case, the buildings, out of which the dwelling houses were constructed, were on the land at the time when the existing partnership was formed, and constituted a part of the real estate. The firm paid the expense of making over the buildings into dwelling houses, which were occupied principally by operatives of the firm, but it has been reimbursed out of the rents which it has collected, and we see no reason why the dwelling houses should be regarded as partner-ship property. The partners being equal owners of the real estate and equally interested in the business the fact that sepa-rate accounts were not kept in regard to matters relating to the real estate would seem to be of little moment. It is no doubt largely a matter of intention whether real estate belonging to persons who are partners and used in the partnership business shall be regarded as partnership property or not. We do not think in the present case it sufficiently appears that the owners intended that the property should be regarded as partnership property to warrant a decree to that effect.

*Decree affirmed.*

*C. R. Lamson,* for the plaintiff.
*W. P. Martin,* for the defendant.