## MARTIN v. CARLISLE et al.

No. 4147.   Opinion Filed May 4, 1915.

(149 Pac. 833.)

1. PARTNERSHIP—Payment of Debts—Rights of Parties.   One partner has a statutory right to have the partnership assets applied to the payment of the partnership debts, including the payment of the general balance due to him by said firm.

2. PARTNERSHIP—Balance Due Partner—Lien—Priority.   One partner has a lien on partnership realty for a balance due him by his copartner in the conduct of the partnership business, and such lien takes precedence over a conveyance of said corpartner's interest to a third person.

3. VENDOR AND PURCHASER—Partnership Assets—Bona Fide Purchaser—Rights.   Where realty constitutes partnership assets, but the deed is taken in the individual names of the partners, and does not show on its face that it is partnership property, one purchasing an undivided interest of a partner takes a good title, unless he had notice that the realty was partnership property.

4. VENDOR AND PURCHASER—Partnership Realty—Bona Fide Purchaser—Notice—Burden of Proof.   The burden of proof is upon the party attacking such a deed to prove by evidence, that is clear and convincing, that the purchaser took with notice that it was partnership property.

5. VENDOR AND PURCHASER—Sale of Partnership Property—Innocent Purchaser—Sufficiency of Evidence.   Evidence examined and held sufficient to show that the realty constituted partnership property, and that a purchaser of a partner's interest was not an innocent purchaser.

(Syllabus by Mathews, C.)

*Error from District Court, Ottawa County;*

*Preston S. Davis, Judge.*

Injunction by W. A. Martin against Charles D. Carlisle and others. Judgment for defendants, and plaintiff brings error. Modified and affirmed.

This action was begun in the court below by plaintiff in error filing his petition praying for an injunction to prevent the sheriff of Ottawa county from selling under execution a certain tract of land levied upon by him.

It appears from the record that on June 1, 1901, one George Girten and Charles D. Carlisle, one of the defendants herein, entered into a written contract in substance that Girten was to secure ground by lease at the station of Narcissa, in Ottawa county, upon which they agreed to erect a barn for the purpose of storing hay; the cost of the erection of said barn to be borne equally by them. Three days later they executed another written agreement in effect a copartnership agreement, for the purpose of buying, storing, and selling hay; Girten to attend to the buying and storing of the hay, and Carlisle, doing business as the Carlisle Commission Company, to manage the selling thereof, each of said parties to bear one-half of the expense of the business and to share equally in the profits.

On the 30th day of August, 1901, the said Girten and Carlisle executed an instrument wherein they stated that the barn had been completed, and that each of them had borne one-half of the expense in erecting the same, and declaring that the said hay barn and the tract of land upon which it stood was owned by them in equal interest.

The said Girten, having leased the ground for the erection of the barn, conveyed a one-half interest in said lease to Carlisle, and on the 16th day of December, 1905, the owner of said leased premises conveyed the same by warranty deed to George Girten and Carlisle Commission Company. On June 30, 1908, Girten conveyed by warranty deed an undivided one-half interest in said property to appellant, Martin.

Carlisle and Girten continued to conduct the partnership business at Narcisso until July, 1908, when Carlisle instituted suit against Girten for $1,281.27 for losses sustained by said partnership, and on May 11, 1911, he recovered a judgment against said Girten for the sum sued for, and a lien was declared upon the undivided one-half interest of the said Girten in the barn and premises at Narcisso. Appellant was not made a party to the action.

From this judgment an execution was issued and levied upon the property in controversy by the sheriff of Ottawa county, when the appellant, Martin, instituted this action and obtained a temporary injunction to prevent the sale of said barn and lot; the appellant alleging that he had, for a valuable consideration, become the owner in fee simple of the undivided one-half interest of Girten therein. Issues were joined by defendant setting up that defendant and Girten had owned the property in controversy as a partnership, and that he had obtained a judgment against the said Girten for a balance due him on said partnership business, and that he was entitled to have the interest of Girten applied to the payment of said indebtedness, as evidenced by said judgment.

The evidence shows that, at the time the business was commenced in 1901, appellant entered into the employ of Carlisle and Girten and worked for them almost continuously up to 1908, when the partnership ceased operation. He had charge of the barn and hay business of the said Carlisle and Girten at the town of Narcisso, and during these seven years bought and sold hay for them, carried the keys to the barn, looked after the shipping of the hay and the repairs of the building, and frequently corresponded with appellee Carlisle about said business, and admitted he knew Carlisle and Girten were partners in the hay business, but denied that he knew they were partners in the barn, and states that, when he bought the undivided one-half interest of Girten, he did not know who owned the other one-half interest

in said barn and did not make any inquiry thereto. The evidence further shows that the cost of the erection of the barn was paid for by Carlisle and Girten, each paying one-half of the same, and each was to pay one-half of the expenses incurred in the conduct of said hay business. The evidence further shows that the barn was. used exclusively for the carrying on of the partnership business, and the repairs of said barn and insurance thereon were paid for out of the partnership funds.

Vern E. Thompson and O. F. Mason, for plaintiff in error.

A. Scott Thompson, Omar E. Robinson and F. D. Adams, for defendants in error.

MATHEWS, C. (after stating the facts as above). 1. Partners purchasing land and taking the deed as tenants in common, without showing in the deed that it was partnership assets or intended to be treated as such, but afterwards used as a partnership property, has been a most fruitful source of litigation in the other states of the Union, and a wide diversity of opinions makes the matter difficult of solution, especially as it comes before us as an original question; it appearing that it is now before the court for the first time.

2. One partner has an equitable and statutory right to have the partnership assets applied, first, to the payment of the debts incurred by the partnership, and next to be himself reimbursed for such sums as he may have paid out upon the partnership indebtedness above his proportionate part of said indebtedness, and the right extends to the real estate owned by the partnership, even though the deed to the same upon its face shows that it is held by the partners as tenants in common, unless the rights of a bona fide purchaser should intervene.

The Revised Laws of Oklahoma 1910 provide:

"4431. * * * Partnership is the association of two or more persons for the purpose of carrying on business together, and dividing its profits between them."

"4433. * * * The property of a partnership consists of all that is contributed to the common stock at the formation of the partnership, and of all that is consequently acquired thereby."

"4437. * * * Each member of a partnership may require its property to be applied to the discharge of its debts, and has a lien upon the share of the other partners for this purpose and for the payment of the general balance, if any, due to him."

"4441. * * . * Each member of a partnership must account to it for everything that he receives on account thereof, and is entitled to reimbursement therefrom for everything that he properly expends for the benefit thereof, and to be indemnified thereby for all losses and risks which he necessarily incurs on its behalf."

3. There was no error in overruling the demurrer of plaintiff to the answer of defendants.

Plaintiff contends that defendant, in his answer, is guilty of commingling inconsistent defenses when he impliedly admits that Girten owned an undivided one-half interest in the property in controversy, and then alleges that the property in question was partnership property, his different defenses not being separately numbered and stated, and for this reason insists that his demurrer should have been sustained. We do not find that the answer of defendant in error merits the criticism aimed at it. In the answer he alleges the property in controversy to be the assets of a copartnership, but prays that, should the court find the plaintiff in error to be the owner of an undivided one-half interest in said property, he have judgment against the plaintiff in error for his proportionate part for the use and occupation of the barn by Martin and for one-half of the taxes and insurance paid by him on said property. While it would have been better to have set out the same in different counts, yet the two pleas are not inconsistent, and it is not objectionable to have set the two pleas out in the same paragraph, especially when it is not challenged, except by a demurrer.

Bliss on Code Pleading, sec. 342:

"Although a defendant cannot, by his answer, set up, in opposition to the plaintiff's title, inconsistent defenses in the alternative, he will not be precluded from denying the plaintiff's title, and also insisting that, in case the plaintiff establishes his title, he is precluded from recovering by some other circumstances which would equally serve to preclude him or any other person in whom the title might be actually vested."

4. Upon the consideration of the merits of the case, the first point for our decision is: Was the property in controversy, as between the partners, partnership assets? The question will be answered in the affirmative.

The intention of the partners at the time the property was acquired, as shown by the facts and circumstances surrounding the transaction of purchase, considered with the conduct of the parties towards the property after the purchase, must govern. It is not necessary that there should have been an express agreement that the property should be held as partnership property, but such an intent and purpose may be implied if the facts warrant it, nor is it necessary that the property should have actually been purchased from the common fund of the partnership. *Divine v. Mitchum,* 4 B. Mon. (Ky.) 488, 41 Am. Dec. 241.

5. Although the evidence shows that the barn on the premises in controversy was paid for by Girten and Carlisle, not out of a common fund, but from their individual assets, yet it appears from the evidence that at the time they entered into the contract to acquire the land and erect the barn, which was on June 1, 1901, they then had in contemplation the partnership for buying and storing hay, as we find them executing a separate contract for such a purpose three days later, which was followed up by the erection of the barn and the using of the same as the place of business for storing of hay, and the said barn was always treated by said partners as constituting partnership assets, used by them for partnership purposes; the expense of repairs, insurance, etc., of the barn, being charged to and paid out of the partnership

account. This barn was erected at the very inception of this partnership, and it was necessary that the barn be completed before the business of storing hay could be commenced, and, as there had to be a beginning, it is immaterial that the barn was not paid for out of a joint fund, so long as it appears that it was paid as partnership money for a partnership purpose.

We think the evidence was sufficient to warrant the trial judge in arriving at the conclusion that the property in controversy was purchased with an intention to constitute it partnership property of the firm, and that it was so considered, treated, and held, and that the plaintiff in error was not a *bona fide* purchaser of Girten's interest in said property. *Bopp v. Fox,* 63 Ill. 544; *Loubat v. Nourse,* 5 Fla. 350; *Roberts v. McCarty,* 9 Ind. 16, 68 Am. Dec. 604; *Dyer v. Clark,* 5 Metc. (Mass.) 562, 39 Am. Dec. 697; *Lucas v. Cooper,* 23 S. W. 959, 15 Ky. Law Rep. 642; *Patterson v. Silliman,* 28 Pa. 304; 30 Cyc. 424.

6. We are not unmindful of the fact that in cases like the one at hand, where the record title does not indicate a partnership holding, but appears to be a title held as tenants in common by the individual members, the record must be the guide on which parties dealing with one of the partners individually may with safety rely, and they ought not to be charged with notice of equities existing between the partners, which do not show of record; or which has not been brought to the knowledge of the purchaser of such partnership interest, and the purchaser from a partner of his undivided interest in real estate held by partners in their individual names cannot lightly be divested thereof, and titles thus obtained should be held good, until it is shown by evidence that is clear and convincing that it was not acquired in good faith, but that the purchaser had notice that it was partnership property. *Reynolds v. Ruckman,* 35 Mich. 80; *Ware v. Owens,* 42 Ala. 212, 94 Am. Dec. 672; *McDermot v. Laurence,* 7 Serg. & partnership does not of itself disclose an intent to make it partnership property, and is not sufficient proof that it was partnership

R. (Pa.) 438, 10 Am. Dec. 468; *Buchan v. Sumner,* 2 Barb. Ch. (N. Y.) 165, 47 Am. Dec. 305; *Taber-Prang Art Co. v. Durant,* 189 Mass. 173, 75 N. E. 221; *Bank v. Miller,* 153 Ill. 244, 38 N. E. 1078, 27 L. R. A. 449, 46 Am. St. Rep. 883.

7. The burden of proof is upon the party attacking such a deed to prove the same by satisfactory evidence, for there is a strong presumption of law that when land is deeded to the several members of a partnership individually, without any showing in the deed that the property is held for the firm, the ownership is in the individual members of said firm, and the fact that the property was used as the place for conducting the business of the property, when the evidence shows, as in this case, that it was the only place said partners had for carrying on their business. The proof must not only show that it was purchased with partnership funds and used for the partnership purposes, constituting a part of the partnership assets, but there must be further proof that the purchaser knew these facts or had knowledge of such facts that would put a reasonably prudent man upon inquiry which, followed up, would give him the information that the property was of the assets of the firm.

In the case at bar the deed from Walker and wife was made to Girten and the Carlisle Commission Company. It was deeded to them as tenants in common, and so appeared of record, and there was nothing indicating that the title was held by them as partners, or that it was intended to be held as partnership property. *Phillips v. Thorp,* 12 Okla. 617, 73 Pac. 268.

8. So the plaintiff in error must prevail, unless it should clearly appear from the evidence that he was not a purchaser in good faith. The trial court found that he was not an innocent purchaser, and this court could let the matter rest with the finding of the trial court, as there is substantial evidence to sustain the same, and the findings of the trial court in cases tried before the court without a jury have the same standing as the verdict of a jury, which this court will not disturb, where the evidence reason-

ably tends to support the same, but we will briefly review the evidence in the case, so far as the same applies to the conduct of the plaintiff in error.

The evidence shows that the business of the firm was located in the town of Narcissa, a small town in Ottawa county, composed of about 100 people, and plaintiff was in the employ of the firm from the beginning of the business in 1901 until 1908, at the time the partnership business was disrupted by a misunderstanding between the said partners over a settlement of their business affairs, and in less than 30 days thereafter he became a purchaser of Girten's interest in the property in controversy. For about 7 years he was in the employ of said firm, and seems to have had the management of the same for the greater portion of the time, during which time he bought, stored, shipped, and sold hay and carried on a general correspondence about the business with defendant in error Carlisle. He admits he knew that Carlisle and Girten were partners in the hay business and were using the property in controversy for storing the hay bought by the firm. He carried the key to the barn, looked after its repairs, and had general control over the barn as the agent and employee of the said firm. As far as the record shows, no one had informed him, after he purchased Girten's interest, that Carlisle owned the other half of said barn, and he denied that he had ever been informed or ever knew that Carlisle owned a half interest in said barn upon the premises in controversy, yet, in a very short while after he purchased Girten's interest, we find him writing Carlisle two letters of inquiry in reference to Carlisle's interest in the premises in controversy. The evidence leads us to but one conclusion, and that is that the plaintiff in error, at the time of the purchase of Girten's interest, knew that Carlisle owned an interest in the barn, and the property in controversy was partnership property. We cannot conceive that a person could be so ignorant of or unconcerned about the affairs of his employers as to have had the management of their business for seven years and not to have become aware of a fact that was so easily ascertainable by the use

. of a little curiosity or the exertion of a slight degree of intelligence, especially to one living in a small village like Narcisso, where common knowledge readily comes to all of its inhabitants, as the fact of the partnership seemed from the evidence to have been generally known by other residents there. And when the plaintiff in error, in testifying in his own behalf, goes so far as to state that he purchased Girten's interest in the barn without making any inquiry as to who owned the other interest therein, and even without caring or desiring to know and stating that it was an immaterial matter with him as to who the owner of the other interest was, he stretches the credulity of the trial court too far when he asks him to believe such a statement. No sane man would purchase a half interest in a hay barn without knowing or making inquiry as to whom he would have to be associated with in the use of the same.

9. We find no error in the admission of testimony complained of over the objection of appellant. Appellant urges that, as the evidence of certain witnesses for appellee only tended to prove a partnership in the hay business existing between Carlisle and Girten for the purpose of buying and selling hay, and did not refer to the property in question, the same was inadmissible and incompetent. For the reason that the conduct of the partnership in buying, storing, and selling hay was so closely blended with the use and management of the barn, the admission of the evidence objected to was entirely proper.

10. The testimony shows that appellant was in possession of one-half of the barn in 1909 and 1910 and of the entire barn in 1911, and that the storage capacity of the barn was 568 tons and the rental value of the barn was 40 cents per ton. Thus it appears that the judgment should have been for $454.40, less a credit of $29.50, which the trial court found plaintiff to be entitled to, leaving a balance of $424.90.

The money judgment will be reduced to $424.90, and, with this modification, the entire judgment of the trial court will be

affirmed.

By the Court: It is so ordered.