## CENTORP CORPORATION v. GULF PRODUCTION CORPORATION et al.

No. 27688.   Oct. 4, 1938.

Gibson & Holleman, for plaintiff in error.

Arthur H. Dolman and Roger L. Stephens, for defendants in error.

RILEY, J.   This is an appeal from an order denying an application for distribution of a surplus arising out of a sale of an oil and gas mining leasehold in the foreclosure of labor and materialmen's liens on the oil and gas lease.

The action was commenced by Black, Sivalls & Bryson, a corporation, against Gulf Production Corporation, Halliburton Oil Well Cementing Company, Centorp Corporation, and some 18 others were made parties defendant.

For convenience, Black, Sivalls & Bryson will be referred to herein as plaintiff, Gulf Production Corporation as Gulf, Halliburton Oil Well Cementing Company as Halliburton, and Centorp Corporation as Centorp.

Gulf was the owner of the oil and gas mining lease. It entered into a written contract with one Pratt, the predecessor in interest of Centorp, wherein said party was to and did furnish three strings of casing for a well to be drilled on said premises; in consideration thereof, Gulf agreed to and did assign to Pratt an undivided one-fourth interest in the leasehold. At the same time and as a part of the same transaction, Gulf agreed to drill and complete a well on the leased premises at its own expense and free from cost to Pratt. It also agreed that after the completion of the well it would be turned over to Pratt in good order for operation for the benefit of all the interested parties; Pratt was to keep accurate account of the expenses of operation and render statements monthly, payment to be made within ten days after rendition. The contract specifically provided that Pratt was to have a lien on all the three-fourths interest of Gulf to recover payment of its part of the expenses, and that Pratt's part of the expenses of operation should not exceed 5/32 of the total expense. The contract was in writing and it and the assignment of a one-fourth interest in the lease were recorded in the office of the county clerk. Pratt assigned to Centorp. Thereafter Gulf assigned portions of its remaining three-fourths interest to other parties who were made defendants. Plaintiff furnished certain tanks, separators, material, equipment, walkway and stairway and labor for the well under a contract with Gulf. Plaintiff was not paid and it filed its lien statement, and later commenced this action to foreclose its lien, wherein it alleged that defendant owners of the leasehold were mining partners in the enterprise. Halliburton was made a party defendant, and it filed an

answer and cross-petition setting up a claim of $600 for cementing the well, and asserted a lien to secure same.

Centorp answered, specifically denying that it was a mining partner with Gulf and the other defendant owners, but asserted its interest under the contract and assignment and agreement of Gulf to drill and equip the well, and prayed for judgment holding its interest not liable for the lien, but in the alternative, should it be held liable, that the three-fourths interest of Gulf and its subsequent assignees be first sold to satisfy said liens. Later Centorp filed a cross-petition wherein it claimed a lien for operating expenses, and pleaded its contract for such a lien.

A. F. Spengler Company filed an answer setting up a claim for a "high-pressure hookup" alleged to have been furnished by it to Gulf under a contract to pay therefor the sum of $10,000, out of 1/16 of the oil produced and saved from said leasehold.

Issues were joined on the cross-petition of Centorp and other claimants. The cause went to trial on December 27, 1933, and after plaintiff had put on its evidence and while Halliburton was putting on its evidence, Gulf appears to have moved the court to strike from the files the cross-petition of Centorp and the cross-petitions and pleas of all defendants other than Halliburton.

This motion was sustained and judgment was entered on February 6, 1934, in favor of plaintiff and against Gulf for the sum of $9,630.19, including interest and attorney's fee, and sustaining its lien, and in favor of Halliburton and against Gulf in the sum of $733.40, including interest and attorney's fee, sustaining its lien and ordering the entire leasehold sold to satisfy said judgments and liens. The judgment, however, provided that the three-fourths interest in said leasehold be offered for sale first, and sold if an amount was bid therefor sufficient to satisfy the judgments, costs, etc., but if a sum sufficient therefor was not bid, then the entire leasehold should be offered for sale and sold.

The journal entry of judgment dated February 6, 1934, included the order striking from the files the cross-petition of Centorp, and the cross-petition of other defendants. The order provided, however, that it is "without prejudice to the rights of the parties to litigate all or any of said matters stated in said cross-petitions or, either of them in a separate action or in separate actions."

No appeal was taken from said judgment or any part thereof. Later sale was had of the three-fourths interest other than that of Centorp. This sale was for $13,100, which was something more than $2,200 over and above the amount of the judgments, interest, costs, etc., leaving a surplus in the hands of the sheriff of about said amount.

The judgment directed the proceeds to be applied, first, to the payment of all costs of the action; second, to the payment of said judgments; and third, balance, if any, "to be paid to the clerk of this court to await the further orders of the court or the judge thereof".

After the sale and while this surplus was still in the hands of the sheriff, Centorp filed in this same case a motion which, after reciting all the proceedings theretofore had, in effect asked the court to vacate and set aside its former order striking Centorp's cross-petition from the files, and requesting a hearing on its said cross-petition, and an adjudication of its claim for reimbursement for operating expenses paid by it and its right to a lien under its contract. This motion was sustained. The order sustaining same reads in part:

"It is, therefore, by the court, considered, ordered and adjudged that the order of this court, heretofore made on the 6th day of February, 1934, striking the cross-petitions of the defendant, Centorp Corporation, and each and all of the other defendants, be, and the same is, hereby set aside and held for naught. That each of said answers and cross-petitions is hereby reinstated and considered as refiled."

Thereafter Centorp filed an amended cross-petition to which was attached a verified itemized statement of its claim of expenses of operation.

Thereupon Gulf filed a "special appearance and motion to vacate order" upon the grounds:

"1. That said order of July 16, 1934, is void in so far as it attempts to vacate said former order of this court, made and entered on the 6th day of February, 1934, for the reason that said last-named order was a final order unappealed from and not vacated or set aside during the term of court in which it was made and entered or upon a motion or application filed in this cause during said term.

"2. That said order is void for the reason that the court has no jurisdiction in this action to adjudicate questions not germane and not in issue and not determined in the final judgment heretofore rendered herein."

438

This motion was sustained, and Centorp's cross-petition was again stricken from the files.

The order so made, however, provided:

"It is further ordered, adjudged and decreed by this court that all the defendants herein are hereby given leave to file herein within 30 days from this date, proper application for the distribution of the surplus moneys in the hands of the sheriff, resulting from foreclosure sale of the property heretofore had in this cause."

Pursuant to said order Centorp filed an application for distribution as suggested, wherein it again set out most of the proceedings theretofore had, and attached a verified itemized statement of its claims.

A. F. Spengler also filed an application for distribution to it.

Gulf appeared and filed a motion to strike said applications upon the grounds:

"1. That said applications seek distribution of surplus moneys in the hands of the sheriff of Oklahoma county, resulting from the sale of the property belonging to this defendant, in the above styled and numbered cause.

"2. That the claims of the said Centorp Corporation, and A. F. Spengler, are unliquidated and have not been adjudicated; that said parties were defendants in this cause, and that in order for them to properly claim a distribution in this action their said claims must have been adjudicated herein, and that by reason thereof the rights of said defendants are res adjudicata in so far as this action is concerned."

Upon hearing this motion was sustained.

In the meantime an order had been made permitting the Gulf to take down the money upon giving bond in the sum of $4,600. Whether this bond was given does not appear. The final order and judgment was entered July 2, 1936. Therein the applications of Centorp et al. were stricken from the files, and judgment further rendered as follows:

"It is further ordered, adjudged and decreed by the court that the surplus money in the hands of the court clerk of this court arising from the sale of the property herein be and the same is hereby adjudged to belong to the defendant, Gulf Production Corporation, free from the claims of the said defendants, M. T. Smith & Son, Centorp Corporation and A. F. Spengler, and the clerk of this court is hereby ordered and directed to pay said sum to the said defendant, Gulf Production Corporation."

In addition thereto judgment was entered against Centorp et al. for interest in the amount of the fund in question from July 14, 1934, at 6 per cent. until paid.

From this judgment Centorp appeals, and Spengler filed a cross-petition in error.

The principal question in this appeal is whether the judgment and order of February 6, 1934, which was included in the order of the court striking Centorp's cross-petition without prejudice to its right to litigate said matters in a separate action, was a final order and judgment which, not having been appealed, precluded Centorp from again entering the case for the purpose of having its lien claim adjudicated.

Centorp contends that it was not a final order, but was interlocutory in its nature, and therefore not appealable.

Gulf contends to the contrary.

While the order striking the cross-petition from the files is referred to as having been made on February 6, 1934, it was in fact made on December 28, 1933.

Whether the order striking the cross-petition was final or interlocutory, it certainly was erroneous. The cross-petition stated a cause of action against Gulf, set forth a clear right to a lien if the allegations were true. The right to a lien for reimbursement for operating expenses actually and necessarily paid, existed both under the contract pleaded and as a mining partner. Section 11630, O. S. 1931; Martin v. Carlisle et al., 46 Okla. 268, 148 P. 833.

Section 10978, O. S. 1931, provides for liens upon oil and gas leaseholds, and section 10981 provides that such liens shall be enforced in the same manner as is provided by law for the enforcement of mechanics' and materialmen's liens.

Centorp's lien, if any it had, did not come within the provision of section 10978, supra, but under its contract and under section 11630, supra.

Section 11017, O. S. 1931, provides that all such liens may be enforced by civil action in the district court of the county in which the land is situated, and section 11018, O. S. 1931, provides that in all such actions all persons whose liens are filed and all other incumbrancers shall be made parties.

Centorp, under its contract for a lien, was an incumbrancer within the meaning of said section, and therefore a proper party. It was certainly entitled to assert its right to a lien in this action.

To relegate it to a separate action was clearly erroneous. That the original order striking Centorp's cross-petition from the files was an order reviewable upon appeal must be conceded. The order amounted to a dismissal of Centorp's cross-action, without prejudice.

In Sanford v. Street et al., 178 Okla. 172, 62 P.2d 479, it was contended that an order of dismissal without prejudice was not a final order from which an appeal would lie, since it left plaintiff free to commence another action. But therein it is said:

"We cannot agree with this contention. The order concluded plaintiff from proceeding further in the trial court in the same action."

Here the order striking the cross-petition precluded Centorp from proceeding further in said action and on its cross-petition. Centorp was, however, left in the case and final judgment was entered foreclosing the lien of plaintiff and Halliburton, and ordering the entire leasehold estate sold, if necessary, and three-fourths thereof in any event. The same judgment, however, ordered any surplus funds arising from the sale to be paid into court to abide the further order of the court or judge thereof. It was perhaps this provision in the judgment which led Centorp and other defendants to attempt to get back into court in said action after the judgment had become final. They apparently in good faith sought and obtained an order reinstating their cross-petition. They met defeat in that attempt, but again the trial court apparently led them to believe they had a right to come in under an "application for distribution of the fund." They attempted that and again met defeat. Gulf was not finally adjudged to be the owner of the surplus fund until the final order here appealed from was made, and judgment was rendered against Centorp et al. for interest.

In view of the record, we are inclined to hold that the court erred in this latter judgment and order.

The trial court has persisted in refusing a hearing on Centorp's claim. They are certainly entitled to their day in court. Defendant in error in effect concedes as much. They say Centorp's remedy was to bring an independent suit and garnishee the funds, or if that were improper, an action in equity to determine the amount of its lien. with an injunction against Gulf from disposing of the fund, with a prayer that its claim be impressed as a lien on the funds in the hands of the clerk.

Garnishment perhaps would not lie. If Centorp ever had a lien, they should be entitled to follow the proceeds of the sale in which they have been deprived of the right to participate in case they could establish their claim, and assert their lien against the fund. In every attempt to assert and establish its lien Centorp had failed otherwise than on the merits. It has never had a hearing of any kind on the merits. It is entitled to such hearing and may commence a new action under the provisions of section 106, O. S. 1931. Tulsa Rig, etc., Co. v. Arnold, 94 Okla. 120, 221 P. 19; Town of Cross v. DeRoberts, 51 Okla. 765, 155 P. 496. To that end it is entitled to have the final judgment adjudging the surplus fund in question to be absolute property of Gulf and the order directing the court clerk to pay said money over to Gulf reversed and set aside until such time as it may be given a hearing on its claim and for a lien, on the merits, as well as the judgment against it for interest.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, HURST, and DAVISON, JJ., concur.