ESTATE OF MAHONEY: MAHONEY, Administratrix, Appellant, vs. TAX COMMISSION, Respondent.

*November 8—December 5, 1939.*

140

*John S. Cavanaugh* and *William A. McNamara,* both of Madison, for the appellant.

For the respondent there were briefs by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons.*

MARTIN, J.   Margaret and Josephine were unmarried, and Josephine for many years prior to her death lived with

her sister Margaret. At the time of the hearing in the county court, Margaret was eighty years of age.

All of the real estate described in finding No. (4), set out in the foregoing statement of facts, was purchased and paid for by Margaret and title thereto taken in her name. Margaret acquired title to said real estate at different times. She acquired title to lot 14, block 7, in the year 1895. The other three pieces of real estate adjoined lot 14, block 7, and were acquired by Margaret in the years 1911, 1914, and 1920. Margaret operated a rooming house on the property purchased by her in the year 1895. No claim is made by respondent that Josephine paid any part of the purchase price of the real estate in question, or that she ever purchased or paid for any of the articles of personal property used in connection with the rooming house.

The two sisters lived together in the city of Madison from 1895 until Josephine's death. It appears that for some years after coming to Madison, Josephine operated a millinery store. While Josephine's age is not disclosed, it does appear that she was the younger of the two sisters. It appears that after Josephine disposed of her millinery business, she assisted her sister Margaret in operating the rooming house, and that she gave considerable personal attention to that business.

The respondent contends that Margaret and Josephine operated their business affairs as a partnership, that Margaret held the legal title to the real estate and personal property in question in trust for the partnership. It is true that the two sisters, in making their income tax returns covering the period from 1921 to 1933, inclusive, reported the whole income from the property and in their respective returns each charged herself with one half of the income and indicated that both the income and the property from which the income arose was jointly owned, each paying an income tax on the basis of having received one half of the net income. Aside from the income tax returns, respondent relies on the further

circumstance that upon a certain occasion when a land contract was executed involving some of the real estate in question, both sisters joined in the execution of the land contract. In connection with this transaction Margaret testified that she was the sole owner of the property covered by the land contract, that her sister Josephine had no interest therein whatever, and that Josephine signed the contract with her because the vendee asked her to sign it. Attorney Aberg who handled the transaction for the vendee testified that he had never made an examination of the abstract of title; that he knew Josephine was the business end of the partnership; and that his dealings were with her.

It appears that for a time the sisters had a joint bank account. The returns from the property were deposited in their joint account. Concerning this account Margaret testified:

"*Q.* Now with reference to your banking. Where did you and Josephine bank, do you recall? *A.* At first I banked at the State Bank; after that I think we banked at the Bank of Wisconsin and later on at the First National Bank. I think these bank accounts were in my name first, but I couldn't always be reached if somebody wanted a check and it was put in both our names. My sister and I maintained a joint bank account. When any expense came up in connection with the property it was paid out of that.

"*Q.* And anything that was left over after the expenses were paid, you and your sister shared equally? *A.* Anything that was left over after that we spent as we needed it."

It further appears that Margaret mortgaged the property and that Josephine did not join in the execution of the mortgage. It is conceded that Josephine knew through all the years that the title to the real estate was in Margaret's name and she never questioned Margaret's right of sole ownership. Assuming that the evidence was sufficient to sustain a finding of a partnership relationship between the sisters, What business was the partnership engaged in? Concededly, operating a rooming house with an equal division between the sisters of

the income from the property. No contention is made, and there is not a scintilla of evidence, that the so-called partnership purchased or paid for any of the real estate in question. If Margaret contributed the use of her property to the partnership to carry on a rooming-house business, and if Josephine contributed her time and services to such business, it does not follow that the partnership, as such, had any interest in the property other than the use and income thereof. See *Taber-Prang Art Co. v. Durant,* 189 Mass. 173, 174, 75 N. E. 211, and cases cited.

The respondent argues that the income tax returns made by Margaret and Josephine are of prime importance because they are sworn to and documentary in character; so is the record title to the real estate documentary in character, and aside from such inferences as may be drawn from the income tax reports and the instance when Josephine signed the land contract with her sister Margaret because the vendee therein so requested, there is not a scintilla of evidence that Josephine ever asserted any right of ownership in the real estate or questioned Margaret's sole ownership thereof. The county court did not make formal findings of fact and conclusions of law. In its written decision the court said:

"The holdings of realty were in the name of Margaret Mahoney. The first purchases were made in 1895 in the name of Margaret Mahoney. Apparently, the proceeds for such investment belonged to both of the sisters, and came from the sale of real estate out of their father's inheritance. Whether Josephine had any moneys invested therein is not important as the title to the real estate and subsequent purchases of real estate were always in the name of Margaret."

As to the court's reference that apparently the proceeds of the investment made in the first property acquired by Margaret in 1895 belonged to both sisters, and came from the sale of real estate out of their father's inheritance, it finds no support in the evidence, and we have examined the evidence closely as to this alleged fact. It is true that the sisters

owned a farm in Dodge county, but they had sold this farm before they came to Madison, and had made a settlement between themselves some time prior to 1895. We fail to find any evidence that Josephine paid any part of the purchase price of any of the four pieces of real estate in question. On the other hand, there is the positive testimony of Margaret that she purchased, owned, and paid for all of the real estate. In view of the record evidence of ownership being in Margaret, and Margaret's testimony of her ownership, any finding to the contrary is against the great weight and clear preponderance of the evidence. We must hold that Josephine at the time of her death had no interest whatever in the real estate, hence no interest of Josephine's descended to Margaret. The Wisconsin inheritance tax is not a tax on the property received, it is a transfer tax on the right to receive property by inheritance. *Estate of Nieman,* 230 Wis. 23, 30, 283 N. W. '452.

As to the personal property which the county court found was jointly owned by Margaret and Josephine as set out in the statement of facts preceding this opinion, we hold that the court's finding of such joint ownership is sustained by the evidence. The stock certificates were issued and registered in the names of Josephine and Margaret. The inheritance tax assessed on the basis of Josephine's one-half interest must be sustained.

*By the Court.*—That part of the order imposing an inheritance tax on the basis of Josephine's one-half interest in the stocks and bonds issued to and in the name of Margaret E. Mahoney and Josephine S. Mahoney is affirmed; that part of the order imposing an inheritance tax on the basis of Josephine S. Mahoney's alleged interest in the real estate is reversed, and the record remanded for further proceedings in accordance with this opinion.

Fritz, J., dissents.