WILSON v. WALKER et al.

No. 30059.    Jan. 20, 1942.

Rehearing Denied Feb. 17, 1942.

*122 P. 2d 160.*

Norman Barker, of Tulsa, for plaintiff in error.

J. B. Houston and J. G. Follens, both of Tulsa, for defendants in error.

PER CURIAM. On the 2nd day of May, 1940, plaintiff, Reuben Wilson, filed a petition against Cordelia May Walker, a minor, William King, guardian, and William King, personally and as executor of the last will and testament of Gertie Walker Wilson, deceased.

Therein it is alleged that he was married to Gertie Walker Wilson on the 23rd day of February, 1933, and that thereafter, on the 11th day of April, 1938, the said Gertie Walker Wilson obtained a divorce which was void; that

thereafter the said Gertie Walker Wilson died on August 13, 1938, leaving a will which devised certain real property to Cordelia May Walker. This real property would be affected by vacating said decree of divorce.

A motion to strike was filed, after which an amended petition to vacate the decree in divorce was filed, and therein, in substance, it is stated: (1) That said decree of divorce is void for the reason that it was not alleged in the petition that the plaintiff in the divorce proceedings was without fault; (2) that the petition was verified before Joe Harshbarger, attorney for the plaintiff; (3) that the summons was irregularly served in that it did not allow 20 days after the return date for the answer; (4) that the said Gertie Walker Wilson was not a resident of Tulsa county at the time she filed her petition for divorce; (5) that the decree was obtained by the undue influence of William King, defendant named above, said undue influence being unduly exercised against Gertie Walker Wilson while she was sick in body and mind.

The court first ordered stricken on motion all of the allegations of the amended petition with the exception of the alleged marriage, and then incorporated in its order the statement that the entire amended petition was stricken for the reason that it did not state a cause of action against the defendants or either of them. The plaintiff elected to stand upon the petition as amended and took time in which to perfect the appeal and in his petition in error alleges six grounds of error. Only three of these are presented in the brief, and are: (1) That the petition being unverified, in that it was verified before the attorney for the plaintiff, all of the proceedings had thereafter were void; (2) that since the question of domicile of plaintiff at the time of obtaining the divorce was one of fact, it was a fatal error of the trial court in this proceeding to strike the allegation that the plaintiff at the time she obtained her divorce was a resident of Washington county and not Tulsa county; (3) the

decree is void for the reason that it was obtained by undue influence exercised by William King upon the said Gertie Walker Wilson.

We are met at the threshold of this proceeding by a motion to dismiss on behalf of the defendants in error, who assert that under the provisions of section 528, O. S. 1931, 12 Okla. St. Ann. § 952, a motion to strike and the ruling thereon is not a final order. We have so held in Attaway v. Watkins, 171 Okla. 102, 41 P. 2d 914, which case contains a complete review of all of the prior decisions dealing with a motion to strike. However, we are of the opinion that these cases are not determinative of the question presented at bar. The effect of the ruling of the trial court was to leave the plaintiff without any relief, since the amended petition had stated all of the reasons for the vacation of the judgment in divorce. In Mumford v. Keet, 154 Mo. 36, 55 S. W. 271, it is suggested that the proper method where the court has sustained a motion to strike the entire petition is to have judgment entered by default in favor of the parties entitled thereto; but where the record shows that the petition is stricken and the plaintiff elects to stand on the petition, we hold that the court has finally disposed of the case without entering judgment for the defendants or dismissing the action. The order becomes a final order and as such an appealable order under section 528, supra. In this connection see Bissetti v. Roberts, 25 N. M. 365, 183 P. 403.

The trial court did not err in holding that the amended petition stated no cause of action against the defendants or either of them. In Schmeusser v. Schmeusser, 181 Okla. 18, 72 P. 2d 378, it is held that before a decree will be vacated, good ground must exist for such action and an appropriate proceeding must be brought for the purpose of vacating the decree. In Green v. James, 147 Okla. 273, 296 P. 743, it is held that the verification of a petition in divorce is not jurisdictional and a failure to verify does not render a decree by the court void, and that the party against

whom the decree has been entered cannot acquiesce in the decree and after a long period of time come in without excuse for such delay and have the decree vacated. In Javine v. Javine, 134 Okla. 283, 273 P. 267, it is held that a failure to verify a petition in divorce is not jurisdictional.

The evidence as pleaded by the plaintiff as to the residence of Gertie Walker Wilson showed that she at all times lived in Tulsa. The allegation in plaintiff's petition to the effect that he had a one-room shack on farm lands in Washington county could not be used at this late date to oust the court of jurisdiction to grant the said Gertie Walker Wilson a divorce. Section 116, O. S. 1931, 12 Okla. St. Ann. § 138, was enacted in 1915 (S. L. 1915, ch. 112), and under this section, which provides that an action in divorce may be brought in any county where the plaintiff is an actual resident, this court in Kelly v. Maupin, 177 Okla. 44, 58 P. 2d 116, denied the application of a former defendant in divorce proceedings who attempted to attack an order directing the payment of attorney fees on the ground that the plaintiff in a divorce proceeding was not a resident of the county in which the decree was entered at the time of the filing of her petition, and therein stated that the petition alleged the necessary jurisdictional facts, and that the defendant could not in a subsequent proceeding contest the finding of the court that the plaintiff in a divorce proceeding was a resident.

This leaves for our consideration the sole allegation of undue influence. We have examined the petition carefully and find no allegation sufficient to authorize a vacation of the judgment under section 556, O. S. 1931, 12 Okla. St. Ann. § 1031, on the ground that undue influence was used by William King or any other party in the proceeding brought by Gertie Walker Wilson against the plaintiff. Nowhere therein was it suggested that her petition did not state a cause of action or that she did not have grounds for divorce.

We have carefully reviewed the proceedings and are of the opinion that the petition did not state a cause for vacating the judgment, and therefore hold that the trial court did not err.

The judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. HURST, J., concurs in conclusion.