### HERRON v. McCURTAIN COUNTY BLDG. & LOAN ASS'N et al.

No. 33812.    Nov. 14, 1950.

*223 P. 2d 1078.*

Lee & Allen and Leonard G. Herron, Jr., all of Idabel, for plaintiff in error.

E. C. Armstrong, Geo. T. Arnett, and Tom Finney, all of Idabel, for defendants in error.

HALLEY, J. The plaintiff in error will be referred to as "defendant", and the McCurtain County Building & Loan Association as "loan association". The defendants in error Lee Swarts and Birty Swarts were defendants below, as well as Travis Brown and Nora Brown and J. W. Gamble and Ladell Gamble, and those defendants, who are now defendants in error, will be referred to by name.

Leonard G. Herron, the defendant below, and Lee Swarts were partners in the potato storage business for 25 years, and since 1936 had operated a lumber business, with Swarts as manager of the mill operations for the purchase of timber and timber lands, under the name of Swarts Lumber Company. Herron's named did not appear in the partnership name, and title to property that was acquired was acquired in the name of Lee Swarts. Swarts had the active management of the partnership business. In 1936, Lee Swarts bought lots 7 & 8, block 7, Lone Pine Addition to the Town of Idabel, in his own name. He mortgaged those lots to the loan association on July 27, 1937, and used the proceeds to build two houses on them, and part of that money went into other partnership business. These two lots were purchased for the partnership and with partnership funds. The two houses did

not prove to be a profitable investment at that particular time, so Swarts told his partner, Herron, that he was going to deed the lots to the loan association and have the note and mortgage canceled—to all of which Herron agreed. On October 21, 1941, Lee Swarts and wife conveyed to the loan association the title to these two lots, and the note and mortgage were canceled of record; but prior to that time, on February 20, 1941, Lee Swarts and wife had conveyed a one-half interest in these two lots (together with other property) to the defendant Herron. Swarts testified that he did not realize that those two lots were included in the quitclaim deed of February 20, 1941, and Swarts continued to handle the property as partnership property and to have complete charge and control of the same until the deed was executed to the loan association in October of 1941. In 1944, the loan association found the deed from Swarts to Herron of record and brought suit to foreclose its mortgage and to have the deed to Herron canceled and to have itself declared the owner of the property. Lee Swarts, in his answer and cross-petition, asked that the deed to Herron be canceled and that title to the property be quieted in the loan association. Travis Brown and Nora Brown acquired title to lot 8, block 7, from the loan association, and they asked that their title be quieted in them; and James W. Gamble and Ladell Gamble had acquired title to lot 7, block 7, from the loan association, and asked that the deed to Herron be canceled and title to that lot quieted in them.

The plaintiff's petition was double-barreled: it did ask for mortgage foreclosure, and also that the title to the property be quieted in it, but the defendant Herron at no time made a motion to require the plaintiff to elect upon which theory it was seeking to recover, and in light of the facts in this case, the remedies which the loan association attempted to assert were not repugnant and inconsistent. See Warren et al. v. Stansbury, 199 Okla. 683,

189 P. 2d 948. The loan association at no time knew that Herron was a partner in the Swarts Lumber Company or claimed any interest in the lots, and dealt with Lee Swarts as if Swarts were the sole owner of the two lots in question. It is agreed that the lots, when owned by Swarts, were partnership property, with Swarts in full charge and control of them. The giving of the deed by Swarts to Herron did not change the property from partnership ownership to individual ownership, as the partnership was not dissolved until 1944, and this property was still under the control and management of Lee Swarts. Lee Swarts testified, and it is not denied by Herron, that he told Herron that he was giving the deed to the lots to the loan association to satisfy the note and mortgage.

Section 7, Title 54, O. S. 1941, provides as follows:

"Each member of a partnership may require its property to be applied to the discharge of its debts, and has a lien upon the share of the other partners for this purpose and for the payment of the general balance, if any, due to him."

Section 33 of the same Title provides as follows:

"Every general partner is agent for the partnership in the transaction of its business, and has authority to do whatever is necessary to carry on such business in the ordinary manner, and for this purpose may bind his copartners by an agreement in writing."

Inasmuch as Swarts was in full control of the partnership property, we think it clear that he had the right to obtain the cancellation of a note and mortgage and to free the partnership of the mortgage debt. In Martin v. Carlisle, 46 Okla. 268, 148 P. 833, 6 A.L.R. 154, this court held:

"One partner has an equitable and statutory right to have the partnership assets applied, first, to the payment of the debts incurred by the partnership, and next to be himself reimbursed

for such sums as he may have paid out upon the partnership indebtedness above his proportionate part of said indebtedness, and the right extends to the real estate owned by the partnership, even though the deed to the same upon its face shows that it is held by the partners as tenants in common, unless the rights of a bona fide purchaser should intervene."

We think that our statutes are sufficiently clear to give the partner, Swarts, the right in this case to have the mortgage debt canceled, and it is not necessary to discuss the question as to whether or not the defendant Herron was estopped by his conduct in the case.

It has been held that real estate which was purchased by or brought into a partnership with an intent to make it partnership property, and which is used as such, will be treated in equity as personalty, and that under such circumstances the managing partner may dispose of such property in satisfaction of the debts of the partnership. See Martin v. Carlisle, supra. Undoubtedly the defendant Herron was bound by the acts of his copartner, Swarts.

The judgment of the trial court is affirmed.

DAVISON, C. J., and CORN, JOHNSON, and O'NEAL, JJ., concur. WELCH, GIBSON, and LUTTRELL, JJ., concur in conclusion.