Cecil E. RITTER, Plaintiff in Error,

v.

PERMA–STONE COMPANY, a Co-Partnership composed of Paul E. Linberg and Edward J. Miller, Defendant in Error.

No. 37798.

Supreme Court of Oklahoma.

May 6, 1958.

W. R. Lawrence, Oklahoma City, for plaintiff in error.

Bailey, McClelland & Collins, Oklahoma City, for defendant in error.

PER CURIAM.

Plaintiff in error, plaintiff below, commenced this action to recover from the defendant damages alleged to have accrued from a breach of their franchise agreement. We shall continue to refer to the parties by their trial court designations. Originally, William S. DeNeen, an agent of the defendant, was also named as a defendant, but he was eliminated from the case by the court's favorable action on his demurrer prior to trial.

In December, 1953, DeNeen, an agent for defendant, executed a franchise contract with plaintiff. Included in this contract were specific provisions providing for its termination by defendant for certain enumerated reasons among which was "* * * failure to pay any moneys due Company from Dealer * * *." On May 3, 1954, plaintiff received a letter from defendant notifying him that his "continued failure to pay your past due account with us * * * is in direct violation of the provisions * * * of the Perma Stone Dealer Agreement * * *" and that unless he corrected this situation the contract would be terminated. On June 15, 1954, defendant notified plaintiff by letter that the contract was terminated. The plaintiff admitted in his testimony that he owed the defendant and that he still had not paid for materials purchased by him prior to the letter notifying him that he was in default under the contract. Plaintiff initiated this action in September, 1956. The action was tried to a jury which returned a verdict against plaintiff on his petition for damages from the termination of the franchise agreement, and a second verdict in favor of defendant on its cross-petition for the amount remaining due for supplies purchased by plaintiff. Plaintiff appeals.

■ The first proposition presents the action of the court in refusing plaintiff's requested instruction. This requested instruction would have told the jury that defendant was not authorized to terminate their agreement for only a partial breach of its provisions. The request was properly denied. Plaintiff cites as authority the rule stated in certain equitable proceedings relating to the propriety of equitable rescission of an agreement. That rule is not applicable to this action. Here the contract had express provisions concerning termination. Such provisions are valid and and may be utilized by the contracting parties to terminate the agreement and any further liability thereunder when the facts, as contemplated by the contractual provisions, exist. Ford Motorcar Co. **v.** Rackley, 65 Okl. 288, 166 P. 427.

■ The second proposition concerns an instruction given by the court on the measure of plaintiff's damages. This question is not open to review for the reason that plaintiff neither submitted a requested instruction on this point nor objected to the instruction as given by the court. Furthermore, this was not assigned as error in the motion for new trial. The question is waived. Klaus v. Fleming, Okl., 304 P.2d 990. The third proposition also related to the court's instruction and is not open to review for the same reasons noted above.

■ The last proposition is stated as "Errors occurring at the trial and objected to by the plaintiff." It is not clear in the brief just what are the alleged errors to which plaintiff refers. It seems that he takes issue with the order sustaining the demurrer of DeNeen and dismissing the action as to him. But this was an appealable final order from which no appeal was taken within six months. Centorp Corp. v. Gulf Production Corp., 183 Okl. 436, 83 P.2d 181; Wilson v. Walker, 190 Okl. 229, 122 P.2d 160. This question is not open to review. 12 O.S. 1951 Sec. 972. No other specific point is noted in the brief which may be said to come within this assignment of error. Lacking support by the citation of authority or convincing argument, and the sufficiency of the evidence to support the judgment having been waived by a failure to demur or move for a directed verdict,

any other allegations of error which may be said to be included in this proposition have been waived. United Tire & Investment Co. v. Trone, 189 Okl. 120, 113 P.2d 977.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.