Clarissa Jane CARTER,
Plaintiff–Respondent,

v.

William Paul CARTER,
Defendant–Petitioner,

and

James L. Sontag, Associate
District Judge.

No. 73114.

Supreme Court of Oklahoma.

Dec. 5, 1989.

Shockley T. Shoemake, Pawhuska, for defendant-petitioner.

W.E. Maddux, Nowata, for plaintiff-respondent.

OPALA, Vice Chief Justice.

Defendant/petitioner (father) sought modification of a child support and custody decree. After he testified that he owed accrued child support payments, plaintiff/respondent (mother) moved to strike from the record his entire testimony because he did not come into court "with clean hands." She argued he "was not entitled to ... invoke the [trial court's] jurisdiction" to make child support and custody changes.[1] The judge agreed and the father timely appealed.

The mother now presses for dismissal of the father's "appeal," arguing that the ruling sought to be reviewed lacks the attributes of appealability.[2] We *need not* pass

1. The journal entry recites in pertinent part: "*During cross-examination* of William Paul Carter [petitioner] and prior to the resting of his case *the plaintiff [respondent] moved the Court to strike all testimony of the movant* for the reason that said defendant had testified he was in arrears in the making of child support and upon the ground said defendant thus did not come into court with clean hands *and, for such reason, was not entitled to come in and invoke the jurisdiction of the court and make application for custodial change, etc., and modification of child support.*

"The motion was sustained by the Court whereupon the said defendant, William Paul Carter, gave notice in open court of his intent to appeal." (emphasis added).

2. In her motion to dismiss the mother alleges that the ruling from which the father appeals "is not a final order or an order of the type designated in *12 O.S.1981 § 952.* Nor is it one of the interlocutory types that comes within the purview of *12 O.S.Supp.1984 § 993.*" (emphasis by respondent)

on her dismissal motion and decide whether the midhearing decision constitutes a final order within the meaning of 12 O.S.1981 § 953.[3] This court will treat a case brought before it in accordance with its intrinsic characteristics; it will not be governed by slavish obedience to the name or title given to the proceeding by the instrument's author.[4] While the postdecree decision now tendered for review occurred at midhearing, its effect on the father's litigation is crystal-clear: the ruling bars him from that measure of unimpeded access to court which is essential to the pursuit of the relief he seeks.[5] This court has *expressly held* that *excluding a defendant from participation in any part of a divorce case for failure to pay child support constitutes a denial of due process.*[6] We hence recast this case from an appeal [7] into a Rule 37 [8] proceeding to assume original jurisdiction under Art. 7, § 4, Okl.

Const.,[9] take cognizance and grant a writ prohibiting the trial judge from enforcing his midhearing ruling that bars the father from invoking the relief sought below and from pressing his demand to a point of conclusion according to the ordinary course of procedure prescribed by law for that proceeding.

Original jurisdiction assumed; writ of prohibition granted.

HODGES, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.

HARGRAVE, C.J., and LAVENDER and SIMMS, JJ., dissent.

3. The terms of 12 O.S.1981 § 953 provide:
   *"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article."* (emphasis added).
   See also, Rule 1.11(b)(5), Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1986, Ch. 15, App. 2, *infra; Centorp Corporation v. Gulf Production Corp.,* 183 Okl. 436, 83 P.2d 181, 181–182 (1938); *Wilson v. Walker,* 190 Okl. 229, 122 P.2d 160, 161 (1942).
   The pertinent terms of Rule 1.11(b)(5), Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp. 1986, Ch. 15, App. 2, provide:
   " * * *
   "... The following constitute final orders:
   " * * *
   "(5) *any* other *order which precludes the aggrieved party from proceeding further in the case. Centorp Corp. v. Gulf Production Corp.,* 183 Okl. 436, 83 P.2d 181." (emphasis added).

4. See *Amarex, Inc. v. Baker,* Okl., 655 P.2d 1040, 1043 (1983); *Prock v. District Court of Pittsburg County,* Okl., 630 P.2d 772, 775 (1981).

5. See Art. 2, § 6, Okl. Const., *infra; Brown v. Burkett,* Okl., 750 P.2d 481, 482 (1988); *Tulsa Tribune Co. v. Okl. Horse Racing Com'n,* Okl., 735 P.2d 548, 555 (1987); *Moses v. Hoebel,* Okl., 646 P.2d 601, 604 (1982).
   The terms of Art. 2, § 6, Okl. Const., provide:
   *"The courts of justice of the State shall be open to every person,* and speedy and certain remedy afforded for every wrong and for every

injury to person, property, or reputation; *and right and justice shall be administered without sale, denial, or prejudice."* (emphasis added).

6. *Bishop v. Bishop,* Okl., 321 P.2d 416, 417 (1958) (the court's syllabus ¶ 4), citing *Hovey v. Elliott,* 167 U.S. 409, 444, 17 S.Ct. 841, 854, 42 L.Ed. 215 (1897).

7. For *other* examples of our past recasting practice, see *Bilecki v. Service Collection Ass'n, Inc.,* Okl., 732 P.2d 452, 452–453 (1986); *White v. Wensauer,* Okl., 702 P.2d 15, 16 (1985).

8. The pertinent terms of Rule 37, Rules of the Supreme Court, 12 O.S.1981, Ch. 15, App. 1, are:
   *"(1) Original proceedings* in the Supreme Court ... *shall be commenced by filing* with the clerk thereof *an application to assume original jurisdiction* and a petition (such as a petition for mandamus, prohibition or habeas corpus) and a brief in support of the application and petition.
   " * * * * " (emphasis added).

9. The pertinent terms of Art. 7, § 4, Okl. Const., are:
   "The appellate jurisdiction of the Supreme Court shall be coextensive with the State and shall extend to all cases at law and in equity.... *The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts* and all Agencies, Commissions and Boards created by law. * * * The appellate and the original jurisdiction of the Supreme Court and all other appellate courts shall be invoked in the manner provided by law." (emphasis added).